■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RANDALL SAYLOR, Appellant.—Appeals by defendant from two judgments of the County Court, Nassau County (Ain, J.), both rendered April 7, 1983, the first convicting him of burglary in the third degree, upon a jury verdict, and imposing sentence, and the second convicting him of grand larceny in the third degree, upon his plea of guilty, and imposing sentence.

Judgments affirmed.

Defendant's guilt of burglary in the third degree was proved beyond a reasonable doubt. The weight to be accorded the identification testimony of the three witnesses who placed the defendant in the subject office building on the date in question was an issue for the jury's determination. The jury evidently credited this testimony. Its determination that the facts proved excluded to a moral certainty every reasonable hypothesis of innocence was rational and will not be disturbed on appeal.

Moreover, the photographic identification procedures utilized in connection with the burglary charge were not suggestive in any respect. The police officers' unintentional destruction of the physical description forms filled out by the witnesses did not frustrate defendant's right to cross-examine these witnesses *(see, People v Paranzino,* 40 NY2d 1005; *People v Caple,* 106 AD2d 511).

With respect to defendant's conviction of grand larceny in the third degree, his contention that the police did not have probable cause to arrest him lacks merit. Defendant fit the description relayed over the police radio and was spotted one block away from the scene of the theft, minutes after it occurred. When considered with defendant's subsequent evasive behavior, the police clearly had probable cause to effectuate defendant's arrest *(see, People v Lypka,* 36 NY2d 210). Additionally, the showup identification procedure, occurring

less than 10 minutes after the crime occurred and only one block from the scene, was proper *(see, People v Brnja,* 50 NY2d 366).

We have reviewed defendant's remaining contentions and find that they are without merit. Lazer, J. P., O'Connor, Weinstein and Niehoff, JJ., concur.