■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PEDRO RIVERA, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Goldman, J.), rendered January 13, 1982, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence. By opinion and order both dated August 20, 1984, this court reversed the defendant's conviction, on the law, and ordered a new *Wade* hearing and trial *(see, People v Rivera,* 103 AD2d 225). By decision and order both dated July 5, 1985, the Court of Appeals reversed the order of this court, and remitted the case here for further proceedings *(see, People v Rivera,* 65 NY2d 436).

Judgment affirmed.

This court reversed the judgment of conviction and ordered a new trial and *Wade* hearing on the ground that the defendant, who had absconded from the courthouse during a luncheon recess, after his case had been assigned a courtroom for a suppression hearing and trial, was improperly tried *in absentia.* The Court of Appeals reversed this court's determination, holding that the defendant was properly tried *in absentia* and remitted the case back to this court to consider the defendant's remaining arguments concerning the denial of his motion to suppress identification testimony and alleged trial and sentencing errors *(see, People v Sanchez,* 65 NY2d 436).

Having now considered the defendant's remaining arguments raised in his original brief to this court, we conclude that the judgment should be affirmed. A showup held shortly after the robbery was an appropriate measure to secure a prompt and reliable identification of the perpetrators *(see, e.g., People v Love,* 57 NY2d 1023; *People v Adams,* 53 NY2d 241; *People v Mayers,* 100 AD2d 558; *People v Soto,* 87 AD2d 618). Furthermore, the court correctly denied the defendant's motion to suppress identification testimony, since the eyewitness to the crime had an independent basis upon which to make an identification, even assuming that the showup was impermissibly suggestive. Additionally, the use of photographs in this

trial in order to facilitate the identification of the perpetrators was not improper, nor was it improper for the arresting officers to give testimony, using the photographs, regarding the identity of each of the perpetrators *(see, e.g., People v Nival,* 33 NY2d 391, *cert denied and appeal dismissed* 417 US 903).

We have considered the defendant's other contentions and find them to be either unpreserved or without merit. Lazer, J. P., Bracken, Brown and Eiber, JJ., concur.