(November 13, 1986)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY ANDERSON, Appellant.—Casey, J.

The 18-year-old victim met defendant, whom she had known previously as a neighbor but denied having dated, on October 3, 1983 at a bar in the Town of Fallsburg, Sullivan County, where she had gone with her girlfriend. After drinking and socializing at the bar, defendant took the victim in a taxi to the Pines Hotel where he had a room. The victim testified that after defendant had expelled his Spanish-speaking roommate from the room, he grabbed the victim and, when she resisted, he punched her in the temple and bloodied her nose, and began to undress her. During the struggle the victim repeatedly called for the police. When defendant was on top of her about to have intercourse, the police arrived and arrested defendant.

Defendant's version differs sharply. He states that when they entered his room, they smoked "two joints" and he left the room to go downstairs to purchase some more marihuana. At this time defendant noticed that $25 he claims to have borrowed from another roomer in the hotel was missing, and he accused the victim of having taken it. He struck her when she denied the accusation and was attempting to look into her bra for the money when she started to cry rape.

Defendant was subsequently indicted for unlawful imprisonment in the second degree, attempted rape in the first degree and assault in the second degree, and was found guilty as charged. He was sentenced to concurrent prison terms of 5 to 15 years for the first two crimes and a one-year concurrent term for the third crime.

On this appeal defendant initially argues that County Court's discharge of an already sworn juror was error. This juror had expressed his concern that there were no black persons on a jury that was to decide a case which involved a black defendant and a black victim. When informed that he was required to be fair and impartial, the juror stated, "That is what I'm afraid of. I feel my judgment may be colored, distorted". The juror was discharged by the court as "grossly unqualified" pursuant to CPL 270.35. We find no error in this regard (see, People v Galvin, 112 AD2d 1090; People v West, 92 AD2d 620, revd 62 NY2d 708; People v Rentz, 120 Misc 2d 165, affd 105 AD2d 920).

Defendant next contends that the failure of County Court to make a record of its Sandoval ruling effectively deprives

defendant of adequate appellate review, rendering his conviction reversible. While we disapprove of County Court's failure to make a record of the *Sandoval* hearing, the court's ruling may be gleaned from defendant's cross-examination when he took the witness stand on his own behalf. Defendant now claims that his prior convictions for assault in the third degree and resisting arrest, permitted by the court, were prejudicial insofar as they had no bearing on his credibility. In our opinion, these convictions, when coupled with other prior convictions of possession of stolen property, petit larceny and criminal sale of marihuana in the fifth degree, demonstrated defendant's willingness to put his self-interest ahead of others, and their admission on defendant's cross-examination was not reversible error per se *(see, People v Blim,* 58 AD2d 672). Given the difference in the circumstances between the prior crimes and defendant's present charge, the admissions of the former at most could be considered harmless error *(see, People v Shields,* 46 NY2d 764).

Finally, defendant's sentence was not, in the circumstances, an abuse of County Court's discretion. The crimes of which defendant was convicted after trial were serious in nature and in their consequences. Accordingly, defendant's conviction should in all respects be affirmed.

Judgment affirmed. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.