■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN FRANCHESCHI, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Hayes, J.), rendered April 4, 1984, convicting him of robbery in the first degree, attempted rape in the first degree, sexual abuse in the first degree, and criminal possession of a weapon in the fourth degree, after a nonjury trial, and imposing sentence. The appeal brings up for review the denial (Kuffner, J.), after a hearing, of those branches of the defendant's omnibus motion which were to suppress physical evidence seized from him after his arrest, the complainant's testimony as to a pretrial identification of him, and a videotaped statement to an Assistant District Attorney.

Ordered that the judgment is affirmed.

Contrary to the defendant's argument, his detention by the arresting officers was proper. Officer Gallo testified that the defendant fit the description which the complainant gave to the officers only three to five minutes before the stop. Moreover, the confrontation between the defendant and the police occurred only two blocks from the scene of the crime. Under the circumstances, and in view of the defendant's furtive behavior, the police had a sufficient basis to stop and detain the defendant pending an identification by the complainant *(see, People v Hicks,* 68 NY2d 234, 242; *People v De Bour,* 40 NY2d 210, 222; *People v Cantor,* 36 NY2d 106, 111; *People v Saylor,* 113 AD2d 904).

The subsequent showup identification procedure was not unduly suggestive. A prompt, on-the-scene showup identification is an appropriate procedure for identifying suspects *(see, People v Love,* 57 NY2d 1023; *People v Brnja,* 70 AD2d 17, 23, *affd* 50 NY2d 366; *People v Saylor, supra).*

Additionally, the defendant contends that he did not effectuate a knowing, voluntary and intelligent waiver of his constitutional rights prior to making a videotaped statement to an Assistant District Attorney. The hearing court found that the defendant was twice advised of his rights and he acknowledged an understanding of his rights. We find that the hearing court's determination was supported by the evidence *(see, People v Prochilo,* 41 NY2d 759; *People v Armstead,* 98 AD2d 726).

We further find that the defendant's guilt was established beyond a reasonable doubt. The instant case presented a

question of credibility for the trier of fact, and we find no basis to disturb the trial court's determination (see, People v Bauer, 113 AD2d 543).

We have considered the defendant's remaining contentions, including the claim that the sentence imposed by the court was unduly harsh and excessive, and find them to be without merit. Mangano, J. P., Brown, Niehoff and Eiber, JJ., concur.