■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD McLAUGHLIN, Also Known as EDWARD McLOUGHLIN, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Meyerson, J.), rendered August 19, 1985, convicting him of attempted sodomy in the first degree and criminal use of a firearm in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The defendant contends that the police did not have a sufficient basis to stop and detain him pending an identification by the complainant. The evidence adduced at the hearing demonstrated that the police located the defendant within five minutes after the radio run regarding the incident was received and only several blocks from the scene of the crime. Moreover, the defendant fit the description of the perpetrator. Under the circumstances, the police were justified in detaining the defendant pending an identification by the complainant (see, People v Hicks, 68 NY2d 234, 242; People v Francheschi, 128 AD2d 723).

We further find that the subsequent showup identification procedure was not unduly suggestive. A prompt, on-the-scene showup identification is an appropriate method for identifying suspects where the witness is shown the suspect within a short time after the incident (see, People v Love, 57 NY2d 1023; People v Brnja, 70 AD2d 17, 23, affd 50 NY2d 366;

*People v Francheschi, supra).* Moreover, the circumstances of the showup were not suggestive inasmuch as the defendant was standing next to two plain-clothes officers and was not handcuffed or restrained.

The defendant's claim that his guilt was not proven beyond a reasonable doubt is without merit. Upon the exercise of our factual review power, we are satisfied that the evidence established the defendant's guilt beyond a reasonable doubt and that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

We have examined the defendant's remaining contentions and conclude that they are either unpreserved for review or without merit. Lawrence, J. P., Kunzeman, Kooper and Spatt, JJ., concur.