■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GUY COE, Appellant.—Appeal by the defendant from a judgment of the County Court, Rockland County (Edelstein, J.), rendered April 9, 1984, convicting him of attempted burglary in the second degree and criminal mischief in the fourth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Miller, J.), of those branches of the defendant's omnibus motion which were to suppress certain identification evidence, physical evidence and statements made by him to law enforcement officers.

Ordered that the judgment is affirmed.

The defendant's detention by the arresting officer was proper, since the defendant fit the description relayed over the police radio and was observed only a short distance from the crime scene within minutes of the crime's occurrence. Under these circumstances, the police had a sufficient basis to stop and detain the defendant pending an identification by the complainant *(see, People v Hicks,* 68 NY2d 234, 242; *People v De Bour,* 40 NY2d 210, 222; *People v Francheschi,* 128 AD2d 723).

The denial of that branch of the defendant's omnibus motion which was to suppress identification testimony was proper. Although all showups are, by their very nature, suggestive, the standard to be applied is whether a particular showup is, in any way, impermissibly suggestive *(see, People v Love,* 57 NY2d 1023, 1025; *People v Brnja,* 70 AD2d 17, 23, *affd* 50 NY2d 366; *People v Francheschi, supra).* The Court of Appeals, as well as this court, has consistently held that showup identifications which take place in close physical and temporal proximity to the crime, as occurred here, are permissible *(see, People v Love, supra,* at 1024-1025; *People v Rivera,* 121 AD2d 408, *lv denied* 68 NY2d 772). In any event, the in-court identification was correctly permitted as the evidence established that the complainant had a sufficient independent basis upon which to make an identification *(see, People v Rivera, supra).*

While the trial court should have made a complete record of its *Sandoval* ruling *(see, People v Sandoval,* 34 NY2d 371), under the circumstances herein, remittitur is not warranted. The court's ruling, which precluded cross-examination with respect to certain prior crimes, clearly occurred after a review of the defendant's criminal history *(see, People v Williams,* 56 NY2d 236; *People v Anderson,* 124 AD2d 851).

We note that, after the jury returned a guilty verdict, the trial court granted the defendant's motion to dismiss the indictment pursuant to CPL 290.10. This court, on appeal, ordered the jury verdict reinstated *(see, People v Coe,* 99 AD2d 516). We now find that, contrary to the defendant's contentions, he was not deprived of the right to present witnesses at the trial nor was he denied the effective assistance of counsel *(see, People v Baldi,* 54 NY2d 137, 146).

We have considered defendant's other contentions and find them either to be without merit or not preserved for review. Mangano, J. P., Thompson, Kunzeman and Sullivan, JJ., concur.