■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN BANTUM, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Groh, J.), rendered August 14, 1985, convicting him of burglary in the first degree, robbery in the first degree (two counts), robbery in the second degree (two counts), and criminal possession of stolen property in the third degree, after a nonjury trial, and imposing sentence. The appeal brings up for review (1) an order of the same court (Di Tucci, J.), dated September 28, 1984, which denied the defendant's motion to dismiss the indictment on the ground that his right to a speedy trial was violated, and (2) the denial, after a hearing (Groh, J.), of those branches of the defendant's omnibus motion which were to suppress statements made by him to law enforcement authorities, physical evidence and identification testimony.

Ordered that the judgment is affirmed.

The hearing court did not err in denying the defendant's motion to dismiss the indictment under CPL 30.30, inasmuch as the period between the filing of the complaint and the filing of the second indictment is not automatically chargeable to the People, even though the first indictment was dismissed based upon an alleged jurisdictional defect *(see, People v Kopciowski,* 68 NY2d 615; *People v Sinistaj,* 67 NY2d 236; *People v Worley,* 66 NY2d 523; *People v Newton,* 120 AD2d 751, *lv denied* 68 NY2d 759; *People v Heller,* 120 AD2d 612, *lv denied* 68 NY2d 757). The continuity of a criminal action remains intact notwithstanding the issuance of successive indictments *(People v Lomax,* 50 NY2d 351, 356).

Turning to the question of whether certain evidence should have been suppressed, the police officers were justified in stopping the defendant and asking him what he was doing in the backyard of a house located 3 to 4 blocks from where an armed robbery occurred, as the defendant matched the description of one of the suspects the officers received from three radio calls, which were verified by the officers' observations when they arrived on the scene and the information provided them by a block watcher at the scene *(see, People v De Bour,*

40 NY2d 210; *People v Ross,* 67 AD2d 955). The defendant's false response to this inquiry, coupled with the appearance of a man matching the description of the second suspect, who was carrying a gun and who fled the scene upon seeing the officers, provided the officers with probable cause to arrest the defendant *(see, People v Saylor,* 113 AD2d 904; *People v Medina,* 107 AD2d 302; *cf., People v Howard,* 50 NY2d 583, *cert denied* 449 US 1023; *People v Riddick,* 110 AD2d 787). Thus, the hearing court properly denied that branch of the defendant's omnibus motion which was to suppress the physical evidence seized incident to his arrest.

The court likewise properly refused to suppress the statements made by the defendant. The statement made by the defendant when he was first approached by the officers was not the product of custodial interrogation, and thus was properly admitted even though the defendant had not yet received his *Miranda* warnings. Furthermore, the hearing court's determination that the oral statement made by the defendant on the way to the precinct and the written statement made by the defendant at the precinct were made after the defendant knowingly and voluntarily waived his *Miranda* rights, is totally supported by the evidence.

The showup identifications of the defendant, made on the scene approximately 10 minutes after the crime and 3 to 4 blocks from where the defendant was arrested, were not so unnecessarily suggestive and conducive to misidentification as to have denied the defendant due process of law *(see, People v Adams,* 53 NY2d 241; *People v Saylor, supra).* Thus the hearing court did not err in denying that branch of the defendant's omnibus motion which was to suppress identification testimony.

The evidence, when viewed in the light most favorable to the People, was sufficient as a matter of law to support the defendant's conviction *(see, People v Bigelow,* 106 AD2d 448). The credibility of the witnesses' testimony was primarily for the trier of fact to determine, and, although the testimony did contain some inconsistencies, there is no basis in the record to warrant this court's interference with that determination *(see, People v Di Girolamo,* 108 AD2d 755, *lv denied* 64 NY2d 1133; *People v Bigelow, supra).* Moreover, upon the exercise of our factual review power we are satisfied that the evidence established the defendant's guilt beyond a reasonable doubt and the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

We have considered the defendant's remaining contentions

and find them to be without merit. Thompson, J. P., Weinstein, Rubin and Harwood, JJ., concur.