Also without merit is the defendant's contention that the People's expert witness's testimony as to his opinion that the substance the defendant was charged with possessing was cocaine was not competent because that opinion was based upon the results of tests which used a known standard, the reliability of which had not been established (see, People v Branton, 67 AD2d 664; People v Miller, 57 AD2d 668). Although the expert did rely upon some tests which involved a comparison to known standards whose accuracy had not been established, his testimony that the substance at issue was cocaine was competent, as it was based upon a series of tests which did not all involve the use of known standards (see, People v Flores, 138 AD2d 512, lv denied 72 NY2d 859; People v Jones, 134 AD2d 452, lv denied 70 NY2d 956; People v Wicks, 122 AD2d 239, lv denied 68 NY2d 1005). We note that at trial the defendant did not dispute the fact that the substance he was charged with possessing was cocaine.

The defendant's remaining contentions, including those raised in his supplemental pro se brief, are either unpreserved for appellate review or without merit. Mangano, J. P., Thompson, Brown and Kunzeman, JJ., concur. [See, 133 Misc 2d 696.]

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARRYL IRICK, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Pesce, J.), rendered April 3, 1986, convicting him of robbery in the first degree and grand larceny in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

In determining whether an identification procedure is improperly suggestive, the applicable standard is whether the procedure is conducted in such a way that there is a substantial likelihood of irreparable misidentification (see, Neil v Biggers, 409 US 188; People v Brnja, 50 NY2d 366).

Initially, we note that the giving of a description of the perpetrator of a crime to law enforcement officials by a witness is not an identification for the purposes of CPL 710.30. Although the circumstances under which a witness gives a description may have some impact on the ultimate identification of a suspect, it does not per se constitute a ground for suppressing evidence. It is merely another factor to be considered in assessing the reliability of a witness's identification.

In the instant case, the complainant knew the defendant from having previously seen him around the neighborhood. Further, the complainant and an eyewitness observed the defendant at close range for five minutes during the commission of the crime, under good lighting, providing them with an independent basis for making the photographic and lineup identifications.

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (CPL 470.15 [5]).

Finally, the Supreme Court did not abuse its discretion in denying the defendant's motion for a material witness order, since he failed to establish the materiality of the proposed witness's testimony *(see, People v Van Skiver,* 111 AD2d 1032). Bracken, J. P., Lawrence, Kunzeman and Spatt, JJ., concur.