■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RANDY HINDS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Rosenblatt, J.), rendered February 1, 1985, convicting him of robbery in the first degree (two counts), robbery in the second degree, and criminal possession of a weapon in the second degree, upon a jury verdict and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress physical evidence, statements made by him to the police, and identification testimony.

Ordered that the judgment is affirmed.

Contrary to the defendant's contentions, the police acted properly when, possessing reasonable suspicion that the defendant had committed a robbery, they briefly detained him for 5 to 7 minutes while awaiting the arrival of a police officer who subsequently confirmed that the defendant was the person whom he had seen earlier that evening fleeing from the scene of the crime *(see, People v Hicks,* 68 NY2d 234; *People v Jefferson,* 136 AD2d 655, 656; *People v Coe,* 133 AD2d 165).

The court's finding that the photographic array displayed to the victim of the robbery was not suggestive, is supported by the evidence adduced at the hearing and will not be disturbed on appeal. In any event, the record discloses that the victim had ample opportunity to observe the robbers in a well-lighted location establishing, as the hearing court properly found, that there existed an independent source for the victim's identification of the defendant (see, People v Green, 160 AD2d 724; People v Irick, 145 AD2d 507, 508; People v Smalls, 112 AD2d 173).

We have reviewed the defendant's remaining contentions and find them to be either unpreserved for appellate review or lacking in merit. Brown, J. P., Kooper, Harwood and Balletta, JJ., concur.