■ In the MATTER OF DONTE W., a Person Alleged to be a Juvenile Delinquent, Appellant. [952 NYS2d 132]—

The court's finding was based on legally sufficient evidence and was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the court's determinations concerning credibility. The evidence supports the inference that appellant, while acting in concert with other persons, attacked the victim with the intent to injure him.

Appellant challenges a 911 call, in which a nontestifying declarant describes the ongoing incident and refers to appellant by name, as violating his right of confrontation and his right to notice of an identification procedure. Initially, we note that the court struck from evidence the reference to appellant, and that a judge sitting as trier of fact is presumed capable of disregarding inadmissible evidence (*see People v Moreno*, 70 NY2d 403, 405-406 [1987]). In any event, there was no Confrontation Clause violation because the call was made "to enable police assistance to meet an ongoing emergency" (*Davis v Washington*, 547 US 813, 822 [2006]), and there was no need for notice under Family Court Act § 330.2 (2) because there was no identification within the meaning of CPL 710.30 (1) (b) (*see People v Irick*, 145 AD2d 507 [2d Dept 1988], *lv denied* 73 NY2d 978 [1989]). Moreover, the reference to appellant on the tape was cumulative to other evidence.

The placement was a proper exercise of the court's discretion, and it constituted the least restrictive alternative consistent with appellant's needs and best interests and the community's need for protection (*see Matter of Katherine W.*, 62 NY2d 947 [1984]). Concur—Saxe, J.P., Sweeny, Richter, Abdus-Salaam and Román, JJ.