THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. BRUCE EDWARD GILLETTE, Appellant.— MEMORANDUM BY THE COURT. Appeal by the defendant from a judgment of conviction of the County Court of Essex County, rendered January 8, 1969, upon the resentencing of defendant. The original sentence imposed by the court did not comply with subdivision 3 of section 70.00 of the Penal Law because the minimum term imposed was longer than one third of the maximum term imposed and the defendant was returned to the County Court for correction of the sentence. An erroneous sentence may be corrected by the sentencing court. (*People ex rel. La Mere* v. *Jackson*, 9 A D 2d 843; cf. *People ex rel. Anderson* v. *Krueger*, 30 A D 2d 966.) The defendant contends that since the maximum term (5 years) originally imposed by the court was within the provision of subdivision 2 of section 70.00 of the Penal Law, the court could not upon resentencing impose a longer maximum term. In our opinion a minimum term imposed by a court is an integral part of the entire sentence, so that an error as to it requires the court to reimpose the entire sentence. Accordingly, the court may, upon resentencing, impose a longer maximum term within the limits of section 70.00 of the Penal Law. (See *People* v. *Harrington*, 21 N Y 2d 61, 64, 65.) Judgment affirmed. Herlihy, P. J., Reynolds, Staley, Jr., Greenblott and Cooke, JJ., concur in memorandum by the Court.