■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEROME TAYLOR, Appellant. — Two judgments of the Supreme Court, Kings County (Cooper, J.), both rendered January 29, 1979, affirmed. (See *United States v Wheeler,* 435 US 313.) Mollen, P. J., Gibbons, Weinstein and Rubin, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN TAYLOR, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Westchester County (Reilly, J.), rendered April 23, 1982, convicting him of robbery in the first degree, upon a jury verdict, and sentencing him, as a persistent violent felony offender (Penal Law, § 70.08) to an indeterminate term of 10 years to life imprisonment. ¶ Judgment modified, on the law, by vacating the sentence and persistent violent felony offender adjudication, substituting for the latter an adjudication that defendant is a second violent felony offender. As so modified, judgment affirmed, and matter remitted to the Supreme Court, Westchester County, for resentence. ¶ We find no merit to defendant's arguments for reversal of his conviction. However, as the People concede, under the recent decision of the Court of Appeals in *People v Morse* (62 NY2d 205) the sentencing court erred in adjudicating defendant to be a persistent violent felony offender. Defendant's two prior violent felony convictions were both rendered on November 17, 1975, upon his pleas of guilty to robbery in the second degree, under two separate indictments. Concurrent terms of imprisonment were simultaneously imposed, and have been served. In *People v Morse* (*supra*), the Court of Appeals held that section 70.08 (subd 1, par [a]) of the Penal Law must be interpreted as requiring that the predicate violent felony offenses be committed sequentially, that is, the proposed second predicate violent felony offense must have been committed after sentence was imposed upon the first predicate violent felony conviction. "The Legislature did not intend the persistent violent felony offender law to apply * * * unless each of the two or more predicate violent felony convictions other than the first was for a felony which occurred after sentence had been imposed for the

conviction which preceded it" (*People v Morse, supra,* p 213). Thus defendant's 1975 convictions do not constitute two or more predicate convictions for the purpose of sentencing him as a persistent violent felony offender. Accordingly, that adjudication is vacated, defendant is adjudicated a second violent felony offender and the matter is remitted for resentencing. We reject defendant's argument that a 1975 conviction of robbery in the second degree is not a valid predicate violent felony because it was not classified as a violent felony offense when committed (*People v Morse, supra,* pp 216-217; *People v Balfour,* 95 AD2d 812; *People v Aiello,* 93 AD2d 864). Thompson, J. P., Bracken, Boyers and Lawrence, JJ., concur.