■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DERRICK MILLER, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County (Ramirez, J.), rendered November 18, 1983, convicting him of robbery in the second degree and grand larceny in the second degree, upon a jury verdict, and sentencing him on the robbery count as a persistent violent felony offender to an indeterminate term of 12½ years to life imprisonment and on the grand larceny count as a second felony offender to an indeterminate term of 3 to 6 years' imprisonment.

Judgment modified, on the law, by vacating the sentence and persistent violent felony offender adjudication with respect to the robbery count and substituting therefor an adjudication that defendant is a second violent felony offender. As so modified, judgment affirmed, and matter remitted to the Supreme Court, Kings County, for resentence on the robbery count.

The court did not abuse its discretion in refusing to admit certain expert psychiatric testimony *(see, People v Cronin,* 60 NY2d 430, 433; *Rodriquez v Board of Educ.,* 104 AD2d 978, 979). The expert's conclusion, upon an offer of proof, was merely that "[i]t is *possible* that [defendant] could have been acting under some illusion or delusion at the time" of the incident, and that this possibility was "more likely" if this had happened before (emphasis added). It is well settled that expert opinions which are "contingent, speculative, or merely possible" lack probative force and are, therefore, inadmissible *(Matott v Ward,* 48 NY2d 455, 461; *Strohm v New York, Lake Erie & W. R. R. Co.,* 96 NY 305, 306; *see also, People v Bethune,* 105 AD2d 262, 271). The proposed expert opinion did not reflect an acceptable degree of certainty *(see, People v Allweiss,* 48 NY2d 40, 50; *People v Bethune, supra).* In any event, the expert's testimony would have been cumulative in nature *(see, People v Kehn,* 109 AD2d 912, 914).

The People concede, however, that defendant was improp-

erly adjudicated a persistent violent felony offender with respect to the robbery count (Penal Law § 70.08), and that the matter should, therefore, be remitted for resentencing as indicated *(see, People v Taylor,* 103 AD2d 853, 854).

We have examined defendant's remaining contentions and find them to be without merit. Gibbons, J. P., Thompson, Brown and Eiber, JJ., concur.