■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LOUIS GARCIA, Also Known as PRINCE CUBA, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Heller, J.), rendered January 3, 1984, as amended July 19, 1984, convicting him of attempted murder in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements.

Judgment, as amended, affirmed.

On appeal, the defendant contends that the hearing court erred in denying the branch of his motion which was to suppress statements because they were not made voluntarily. Contrary to the defendant's claim, the hearing court's determination that the defendant's statements were made voluntarily and spontaneously and without any physical or psychological coercion was supported by the record *(see, People v Rivers, 56 NY2d 476; People v Anderson, 42 NY2d 35)*.

The defendant, who acted as his own attorney during the proceedings, further contends that he was denied effective assistance of counsel at his suppression hearing due to the court's denial of his request to have his legal advisor question him during his direct examination, and at the hearing on his motion to set aside the sentence when the court appointed a Legal Aid attorney to represent him without his consent. The defendant's claim is without merit. It is established that where a defendant decides to represent himself, he has no constitutional right to be simultaneously advised or represented by appointed standby counsel *(see, People v Sawyer, 57 NY2d 12, 22, cert denied 459 US 1178; People v Mirenda, 57 NY2d 261, 265-267; People v Hazen, 94 AD2d 905, 907)*. Thus, the hearing court's denial of the defendant's request that his legal adviser question him did not deprive him of any constitutionally protected right. Furthermore, the court properly appointed a Legal Aid attorney to represent the defendant at the hearing to set aside the sentence, since the record indicates that the defendant refused to comply with the court's directive to confine his arguments to the motion to set aside

the sentence *(see, People v Glover,* 90 AD2d 776). In any event, the defendant has not suffered any prejudice due to the court's ruling, since the motion was granted.

Finally, the defendant's guilt was proven beyond a reasonable doubt, and the sentence of 8⅓ to 25 years, which was imposed after the original sentence of 10 to 20 years was vacated on the ground of illegality, was legal and appropriate *(see, People v Wright,* 80 AD2d 624, *affd* 56 NY2d 613; *People v Gillette,* 33 AD2d 587). We have considered the defendant's other claims and find them to be without merit. Thompson, J. P., Rubin, Lawrence and Kunzeman, JJ., concur.