OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
Supreme Court granted defendant’s motion to defend himself pro se, but appointed standby counsel (to assist him if necessary. At the suppression hearing, defendant’s standby counsel informed the court that defendant washed to take the stand. Defendant then asked, "Within the Court’s discretion, could I not be questioned by the defense —?” At this juncture, the court afforded defendant the choice of continuing his pro se defense or of having the standby counsel represent him for the balance of the case. The court informed defendant that counsel would not be allowed to represent him solely for the purpose of questioning him on direct examination.
Defendant’s primary contention on this appeal, that he was deprived of his right to counsel by the court’s ruling, lacks merit. A defendant has no right to a hybrid form of representation under either the Federal or State Constitutions (People v Mirenda, 57 NY2d 261; United States v Williams, 791 F2d 1383, 1389; United States v Weisz, 718 F2d 413, 425 [exercise of right of self-representation requires "waiver of the preeminent right to the assistance of counsel”], cert denied 465 US 1027, 1034). Moreover, the trial court did not abuse its discretion in denying defendant’s request (see, People v Mirenda, 57 NY2d, at 266, supra; United States v Klee, 494 F2d 394, 396, cert denied 419 US 835). Here, the court repeatedly advised defendant of the dangers of pro se representation, again extended him the opportunity to elect between his inconsistent rights when he sought to assert them simultaneously at the suppression hearing, and allowed him to testify in narrative fashion on that occasion to facilitate the presentation of his defense.
We also reject defendant’s argument that the Double Jeopardy Clause prohibited the court from correcting its own sentencing error (People v Minaya, 54 NY2d 360, 365-366, cert denied 455 US 1024). His remaining contentions are either unpreserved or lack merit.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur.
Order affirmed in a memorandum.