■ The People of the State of New York, Respondent, v Traver Stewart, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Sullivan, J.), rendered July 25, 1983, as amended June 25, 1986, convicting him of attempted murder in the second degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial (Lodato, J.), without a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment, as amended, is affirmed.

The defendant contends that the trial court erred in summarily denying his motion to suppress identification testimony. We disagree. The record indicates that the defendant and the complainant were acquainted with one another and, therefore, the issue of suggestiveness was not relevant (see, People v Tas, 51 NY2d 915, 916; People v Gissendanner, 48 NY2d 543, 552). Under the circumstances extant at bar, the showup challenged by the defendant was in the nature of a confirmation rather than an identification (see, People v Lang, 122 AD2d 226; People v Fleming, 109 AD2d 848).

On this appeal, the defendant has raised some doubt as to

the substantive sufficiency of his guilty plea. Specifically, he claims that the plea of guilty was not knowingly and voluntarily entered. Having failed to object to the adequacy of the plea allocution before the Supreme Court, Kings County, the defendant has not preserved his claims for appellate review (see, CPL 470.05 [2]; *People v Hoke*, 62 NY2d 1022; *People v Pellegrino*, 60 NY2d 636). Furthermore, reversal in the interest of justice is not warranted because the record of the plea allocution establishes that it fully comported with the requirements of *People v Harris* (61 NY2d 9). The detailed factual recitation delivered in the defendant's own words established the requisite elements of attempted murder in the second degree.

Nor do we find that the sentence of 8 to 24 years' imprisonment which was imposed after a sentence of 10 to 20 years' imprisonment was vacated violated the terms of the plea agreement. During the change of plea proceedings the court promised to impose a minimum sentence of 8 to 16 years' and a maximum sentence of 10 to 20 years. However, the promised sentences could not legally be imposed because the defendant was neither a second felony offender when sentenced nor was the crime of attempted murder in the second degree an armed felony offense (CPL 1.20 [41]; see, *People v Newton*, 138 AD2d 415). If a court is unable to impose the promised sentence, the defendant must be offered the opportunity to withdraw his plea and proceed to trial (see, *People v Pascal*, 103 AD2d 757; *People v Wheeler*, 91 AD2d 647). The defendant did not avail himself of the opportunity to withdraw his plea, and, therefore, may not now complain that his plea bargain was violated. The court imposed less than the original minimum term of imprisonment. Indeed, the defendant was benefited by the reduced minimum term because he became eligible for parole at an earlier date (Penal Law § 70.40 [1]). The longer maximum term was required for the sentence to be within legal parameters (Penal Law § 70.02 [3] [a]; see, *People v Garcia*, 121 AD2d 465, 466, *affd* 69 NY2d 903; *People v Gillette*, 33 AD2d 587; *cf., People v Miller*, 65 NY2d 502; *People v Williams*, 34 NY2d 657). Bracken, J. P., Kunzeman, Weinstein and Kooper, JJ., concur.