■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN W. TAYLOR, JR., Appellant.—Appeal by the defendant, as limited by his brief, from a resentence of the Supreme Court, Westchester County (Dachenhausen, J.), imposed September

19, 1984, upon a jury verdict convicting him of robbery in the first degree, the resentence being an indeterminate term of 12½ to 25 years.

Ordered that the resentence is affirmed.

The defendant was originally sentenced upon his conviction for robbery in the first degree to an indeterminate term of 10 years to life as a persistent violent felony offender. On appeal, this court vacated the sentence on the ground that the sentencing court (Reilly, J.) had erred in adjudicating the defendant to be a persistent violent felony offender; the defendant was adjudicated a second violent felony offender and the matter was remitted for resentencing *(People v Taylor,* 103 AD2d 853). Upon resentencing, the matter was referred to a new Justice since the original sentencing Justice was apparently unavailable. The court imposed an indeterminate term of imprisonment of 12½ to 25 years.

Contrary to the defendant's contentions, we do not find that the imposition of the maximum allowable term was excessive in light of the defendant's prior criminal history, which included three prior convictions resulting from armed robbery incidents during a three-year period, and the nature of this conviction, which also resulted from an armed robbery incident. Moreover, we find no exceptional circumstances to support a claim that the imposition of the resentence constituted cruel and unusual punishment in violation of constitutional proscriptions (NY Const, art I, § 5; US Const 8th Amend; *see, People v Roberts,* 144 AD2d 395).

In addition, we find no merit to the defendant's claim that the court was constitutionally prohibited from imposing a sentence having a minimum term of greater than 10 years. As we recently stated in a similar case involving the imposition of a greater maximum term of imprisonment after the vacatur of an original sentence which was illegal: "[u]nlike those cases which hold that following a successful appeal and retrial, a court, absent a reasoned and legitimate justification, may not impose a greater sentence than was originally imposed *(see, North Carolina v Pearce,* 395 US 711; *People v Miller,* 65 NY2d 502, *cert denied* [474 US 951]; *People v Best,* 127 AD2d 671, *lv denied* 70 NY2d 642), at bar, there was never a prior legal sentence imposed. Once the original sentence was vacated on the ground that it was illegal, the court on resentencing was not bound by either the minimum or maximum limits of the original sentence, which had become a nullity *(see, People v Harrington,* 21 NY2d 61, 64; *People v Garcia,* 121 AD2d 465, *affd* 69 NY2d 903, *rearg denied* 70

NY2d 694; *People v Gillette*, 33 AD2d 587)" *(People v Fuller*, 134 AD2d 278, 279, *lv denied* 70 NY2d 931). Therefore, in this case, the court was not barred from imposing the maximum term of 25 years, which then required it to impose the statutorily mandated minimum term of 12½ years *(see,* Penal Law § 70.04 [2], [3] [a]; [4]).

We considered the defendant's challenge to his adjudication as a predicate violent felony offender on his prior appeal and found it to be without merit *(see, People v Taylor, supra,* at 854).

The points raised in the defendant's supplemental *pro se* brief have been considered and we find them to be without merit. Thompson, J. P., Lawrence, Harwood and Balletta, JJ., concur.