■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WALTRINA ANDREWS, Appellant.—Judgment, Supreme Court, Bronx County (David Levy, J.), rendered June 30, 1988, convicting defendant after a jury trial of criminal possession of a controlled substance in the first degree, for which she was sentenced to 15 years to life, unanimously modified, on the law and the facts and as a matter of discretion in the interest of justice, to the extent of reducing the sentence to 5 years to life and, except as so modified, unanimously affirmed.

The evidence at the pretrial *Mapp* hearing established that undercover officers on robbery patrol observed a cab, in which defendant was a passenger, run a red light. They pulled the cab over, and while checking the license and registration of the driver, asked the remaining three occupants to exit. When the occupants exited, the officers observed the barrel of a gun protruding from under the driver's seat onto the floor of the rear compartment. Defendant and her co-defendants were arrested. A bag then was recovered from the back seat. The subsequent inventory search at the precinct turned up several articles of female clothing, documents referring to defendant, and a pound of heroin.

Defendant, although fully advised of the ramifications of absenting herself from proceedings, had failed to appear for the *Mapp* hearing. The court already had adjourned proceed-

ings on the basis of defendant's temporary absence and defendant had acknowledged that she could be tried *in absentia,* and faced the maximum term of 25 years to life. The court conducted an *in absentia* hearing, at which a detective investigator testified that he had sought to locate defendant through her mother, with whom defendant had deposited her children, through the Police Department, Correction Department, City Morgue, several hospitals, and elsewhere.

Once police saw the gun in plain view, they had probable cause to arrest the occupants *(see, People v Gill,* 138 AD2d 738, *lv denied* 72 NY2d 859). As such, the search and seizure, following upon the lawful stop, were proper, and the heroin was properly introduced into evidence.

Since defendant's conviction was based not only on the statutory presumption of possession attendant upon contraband found in a car in which a defendant is a passenger (Penal Law § 220.25; *see, People v Millan,* 69 NY2d 514), but also on constructive possession arising out of identificatory paraphernalia found with the heroin in the bag, it was incumbent upon defendant to assert a reasonable expectation of privacy in the searched car, as well as in the bag, in order to invoke standing to challenge the search and seizure *(People v Wesley,* 73 NY2d 351). Since defendant failed to carry her threshold burden (CPL 710.60), she has no standing to challenge the search and seizure.

The record clearly indicates that defendant knowingly, voluntarily, and intelligently relinquished her right to be present at her trial *(see, People v Rivera,* 65 NY2d 436, *on remand* 121 AD2d 408, *lv denied* 68 NY2d 772). We note that the court delayed proceedings at the hearing stage, and substantially delayed the trial, on account of defendant's absence *(see, People v Carbonaro,* 151 AD2d 593, *lv denied* 75 NY2d 768, 76 NY2d 732).

The remark by the prosecutor made during opening that the jury would "hear testimony about what was seen inside the cab on the floor", immediately elicited objection, and the jury was instructed to disregard the remark. Defendant had not been charged with possession of the gun; however, no remark was made, nor evidence adduced, concerning the gun. As such, defendant's motion for a mistrial on this basis was properly denied.

Finally, while we note the disparity between the sentence imposed upon defendant, and sentences imposed upon her co-defendants, who pleaded guilty, as well as defendant's lack of

a criminal record, obviously the defendant's sentence should be greater than that imposed upon her co-defendants. She absconded putting the People to the problem of attempting to return her to face trial as well as requiring a trial. She was tried and sentenced *in absentia.* Nonetheless, although drug trafficking is a grave offense and the Legislature could reasonably impose a heavier sentence *(see, People v Broadie,* 37 NY2d 100, 117, *cert denied* 423 US 950), and although the conviction was for an A-I felony, for which the minimum is 15 years, we believe that the concept of proportionality of punishment, vis-a-vis that imposed on the co-defendants, should be taken into account *(see, Solem v Helm,* 463 US 277).

Accordingly, we reduce the sentence to 5 years to life to avoid it being "unduly harsh or severe" (CPL 470.15 [2] [c]) as well as "cruel and unusual". (NY Const, art I, § 5.) Concur—Carro, J. P., Wallach, Kupferman and Smith, JJ.