■ The People of the State of New York, Respondent, v Patricia Skeffery, Appellant.—Judgment, Supreme Court, New York County (Carol Berkman, J.), rendered November 21, 1990, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the first degree and bail jumping in the first degree, and sentencing her to concurrent prison terms of 15 years to life and 1 year, respectively, unanimously modified, on the law, the facts and as a matter of discretion in the interest of justice, to the extent of reducing the sentence on the possession count to 5 years to life, and otherwise affirmed.

While a sentence within the statutory limits ordinarily is not a cruel and unusual punishment *(People v Jones,* 39 NY2d 694, 697), "in some rare case[s]" the statute can be unconstitutionally applied *(People v Broadie,* 37 NY2d 100, 119, *cert denied* 423 US 950). Noting the disparity of treatment arising from co-defendant's acquittal at a separate trial based upon testimony that exculpated both, and lack of criminal record, age, poor health, and family circumstances, we reduce the sentence to 5 years to life to avoid the sentence being "cruel and unusual" in the circumstances (NY Const, art I, § 5; *see, People v Andrews,* 176 AD2d 530, 531-532, *lv denied* 79 NY2d 918).

We have reviewed defendant's argument that the trial court abused its discretion in not permitting defense counsel to recall a prosecution witness after cross-examination of the witness had already been concluded, and find it to be without merit *(see, People v Ventura,* 35 NY2d 654). Concur—Carro, J. P., Rosenberger, Ellerin, Kupferman and Kassal, JJ.