OPINION OF THE COURT
Carol Berkman, J.
FACTS
Under indictment No. 13399/92, defendant, Alice Nieves, *721 was charged with two counts of criminal sale of a controlled substance in the third degree. On June 25, 1993, defendant pleaded guilty to the reduced charge of criminal sale of a controlled substance in the fifth degree in full satisfaction of the indictment. Defendant had one prior felony drug conviction under indictment No. 1771/91 for which she had received an unconditional discharge.
On October 13, 1993, the unconditional discharge that had been imposed on defendant under indictment No. 1771/91 was vacated, and defendant was resentenced to a probationary term. The unconditional discharge was vacated because no reason had been set forth in the record, contrary to the mandate of Penal Law § 65.20 (1).
In a letter dated October 18, 1993, the People ask the court to sentence defendant as a second felony offender. Although they do not dispute the fact that the sentence under indictment No. 1771/91 was illegal, they argue that the vacatur of the original sentence under 1771/91 does not alter the fact that the first sentence resulted in a final judgment of conviction and that the resentence must be deemed nunc pro tunc to the original sentencing date. In responding papers, dated November 12, 1993, defendant asserts that the vacated sentence is a legal nullity and that defendant was not, in effect, sentenced on indictment No. 1771/91 prior to the commission of the instant offense.
defendant’s presentence report
The presentence report prepared in September 1993 states that defendant is 48 years old and that her first contact with the criminal justice system occurred when she was arrested and charged with criminal possession of a controlled substance in the fifth degree (cocaine) under indictment No. 1771/91. She was sentenced to an unconditional discharge on that case on May 21, 1991. She was again arrested for drug possession before the end of 1991. Approximately a year later, she was arrested for this case and charged with selling a total of three vials of crack to two separate individuals. Defendant has never been involved in any type of drug treatment program. The criminal justice system has never previously offered her any referrals or assistance in entering such a program.
Defendant has to an extent admitted a drug problem. She has not, however, been entirely forthcoming about her substance abuse problems or her background. This may be in *722 some part due to the fact that she is apparently a native of Cuba, and here illegally.
CONCLUSIONS OF LAW
Penal Law § 70.06 (1) (b) (ii) provides that a defendant can be adjudicated a second felony offender only if the prior felony was imposed prior to the commission of the subsequent felony. A sentence which was illegally imposed and subsequently vacated is a nullity and can be given no legal effect. (People v Harrington, 21 NY2d 61, 64; People v Fuller, 134 AD2d 278 [2d Dept 1987]; People v Taylor, 145 AD2d 446 [2d Dept 1988].) Therefore, as no valid legal sentence was imposed on defendant under indictment No. 1771/91 before she committed the instant offense, the plain language of Penal Law § 70.06 dictates that she does not qualify as a second felony offender.
This court has found no case to support this conclusion, but none of the cases cited by the People compel the result they urge. People v Knapp (113 AD2d 154 [3d Dept 1985]) and People v Leight (90 Misc 2d 233 [Dutchess County Ct 1977]) both involve subsequent revocations of earlier-imposed sentences of probation. Since the original sentences in these cases were legal, they never became a nullity. In People v Ethrindge (36 AD2d 80 [2d Dept 1971], affd 29 NY2d 766 [1971]), the defendant’s original 1954 sentence was vacated after the commission of the latter offense and, thus defendant argued, could not serve as a valid predicate for enhanced sentencing purposes. The Second Department, in a decision affirmed by the Court of Appeals, rejected this claim. In Ethrindge, however, the original sentence was vacated pursuant to People v Montgomery (24 NY2d 130), solely to extend the defendant’s time to appeal. In rejecting Ethrindge’s argument that he was not a predicate because of the resentence, the Second Department held that the vacatur of the conviction on Montgomery grounds did not render the original sentence a nullity. (People v Ethrindge, supra, at 81.) Thus, Ethrindge, too, is distinguishable. Since the original sentence imposed upon defendant for her 1991 conviction was a nullity, it cannot be used as a predicate here, and defendant is entitled to first felony offender treatment.
Assuming arguendo that the 1991 conviction does constitute a predicate felony under Penal Law § 70.06 notwithstanding the resentence, treating defendant as a second felony offender would constitute cruel and unusual punishment under the *723 facts and circumstances of this particular case. A sentence within statutory limitations ordinarily is not cruel and unusual punishment. (People v Jones, 39 NY2d 694.) "[I]n some rare cases,” however, a sentencing statute can be unconstitutional as applied. (People v Broadie, 37 NY2d 100, 119.)
The term cruel and unusual punishment is not susceptible to precise definition. (Weems v United States, 217 US 349.) Unlike a static principle, it "must draw its meaning from the evolving standards of decency that mark the progress of a maturing society.” (Trop v Dulles, 356 US 86, 100 [1958].) Factors such as a defendant’s criminal history and motivation for commission of the crime (People v Robinson, 68 AD2d 413 [1st Dept 1979]), community standing (People v Askew, 93 Misc 2d 754 [Bronx County]), disparity in sentences received by defendant and codefendants (People v Skeffery, 188 AD2d 438 [1st Dept 1992]; People v Andrews, 176 AD2d 530, 532 [1st Dept 1991]), and age, social history and discrepancy between pretrial offers and ultimate sentence (People v Thompson, 190 AD2d 162 [1st Dept 1993], lv granted 81 NY2d 1022) all have been found to be relevant considerations in making an assessment as to whether a punishment was cruel and unusual as applied.
In this case, treating defendant as a second felony offender, with the concomitant requirement of a State prison term, would be unconscionable. First of all, defendant’s involvement with the criminal justice system did not begin until she was in her mid-40’s. This lends substantial credence to her claim that she only became involved in street-level drug transactions due to a recently developed addiction to cocaine. Defendant sold and possessed small quantities of the drug to sustain her habit and does not appear otherwise to have engaged in criminality.
Moreover, treating defendant as a second felony offender in the instant case would be contrary to the legislative purpose of the predicate felony statutes. As the Court of Appeals stated in People v Morse (62 NY2d 205, 222), the legislative intent is that "enhanced punishment not be imposed merely for repeated criminality, but only for refusal to reform after sentence on a prior crime had been imposed.” That defendant failed to "reform” after receiving a sentence of unconditional discharge for which no reasons were stated and which did nothing to address the addiction underlying her criminal acts *724 should come as no surprise. To punish defendant as if she already had received the benefit of a sentence designed to assist her rehabilitation would place form over substance.
Accordingly, defendant’s felony sentence will not be enhanced.