OPINION OF THE COURT
George R. Bartlett III, J.
On May 28, 1997, the Schoharie County Grand Jury, in a single indictment (97-13), charged defendants Donna Arroyo, Cary Wayne McKinley and Daniel Edwards with murder in the first and second degrees, conspiracy in the second degree *659 and criminal possession of a weapon in the second degree in the shooting death of Frank Arroyo on May 12, 1997. Defendant Arroyo was also charged with criminal solicitation in the second degree. Notice of intent to seek the death penalty was filed by the District Attorney against all three defendants, and was withdrawn in the case of Cary McKinley.
Defendant seeks permission to be “involved” in the voir dire, opening and closing statements and, if convicted, in the sentencing proceedings, and specifically defendant requests permission to give a “short, unsworn and uncross-examined statement” to the jury at any capital sentencing hearing. The People oppose the motion.
To the extent that the defendant requests to be more involved than conferring and consulting with her attorneys and making recommendations and suggestions to them, the motion is denied. The defendant has explicitly indicated in the motion papers that in making this motion she does not seek to assert her right to self-representation, “or even hybrid representation.” There is no State or Federal constitutional right of a defendant to actively participate in the trial with counsel. (McKaskle v Wiggins, 465 US 168, 183; People v White, 73 NY2d 468, 477, cert denied 493 US 859; People v Garcia, 69 NY2d 903, 904.) The comprehensive capital punishment scheme does not include a provision providing the defendant with the right to participate with counsel in the trial or any particular phase thereof. In this court’s opinion the Eighth Amendment heightened due process standard which may attach to a capital case in some areas of the prosecution does not apply in this regard. Consequently, it rests in the sound discretion of the court whether or not to allow the defendant to participate with counsel at the trial. (People v Garrow, 151 AD2d 877, 879.)
It is this court’s opinion that both the defendant’s interests and the prosecution’s interests are best served by disallowing her participation in order to assure that the defendant receives the optimum benefit of the assistance of counsel in representing her position to the jury and in order to assure the most efficient and unprejudiced disposition of the matter in an atmosphere of appropriate decorum.
Furthermore, if the defendant is convicted of a capital offense, the proceedings in the sentencing phase of the trial shall be conducted pursuant to CPL 400.27, which does not include Em unsworn address by the defendant to the jury.