■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JOSE CRESPO and CARLOS AYALA, Respondents.—Appeal by the People from an order of the Supreme Court, Kings County, entered March 1, 1979, which, after a hearing, *inter alia*, granted defendants' motion to suppress certain physical evidence as the product of a search incident to an unlawful arrest. Order reversed, on the law and the facts, and motion to suppress denied. On May 12, 1978 Detective John Griffin received a report of a robbery at a gas station located at Fourth Avenue and Sackett Street in Brooklyn. Upon arriving at that location, Griffin and his partner met the victim, Edward Davila. He stated that he had been robbed by two short men who were wearing dark clothes and who appeared to be Puerto Rican. Davila agreed to cruise the neighborhood with Griffin in search of the robbers. After first checking a nearby social club without results, the police and Davila drove to the corner of Fifth Avenue and Sackett Street. Noticing two men, the defendants, Griffin said, "Is that them?" Davila responded, "Yes". The defendants were arrested and a search of Crespo revealed a knife and some United States currency. Before trial the defendants moved to suppress the physical evidence and Criminal Term granted defendants' motion. We now reverse. Unlike a paid or anonymous informant, an eyewitness victim of a crime can provide probable cause for the arrest of his assailant despite the fact that his reliability has not been previously established or his information corroborated *(People v Hyter,* 61 AD2d 990). The victim's reliability is assured because he can be prosecuted if his report is a fabrication (see Penal Law, § 240.50; *People v Flannagan,* 56 AD2d 289). Federal courts, too, have held that probable cause is established where the victim of an offense communicates to the arresting officer information affording credible ground for believing that the offense was committed, unequivocally identifies the accused as the perpetrator, and materially impeaching circumstances are lacking (see *Pendergrast v United States,* 416 F2d 776, and the cases cited therein). Here, the victim reported a robbery, gave a general description of the assailants, then identified them and was actually present when they

were arrested by the police. Thus, the police had probable cause for an arrest and the ensuing search was lawful. Damiani, J. P., Titone, Gulotta and Shapiro, JJ., concur.