■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT D. WALTON, Appellant. — Appeal from a judgment of the County Court of Schenectady County (Stroebel, Jr., J.), rendered July 27, 1982, convicting defendant upon his plea of guilty of the crime of criminal possession of a weapon in the third degree. Defendant was indicted by a Schenectady County Grand Jury in a three-count indictment charging two counts of criminal possession of a weapon in the third degree and criminal possession of stolen property. Defendant was charged in a second indictment containing seven separate counts accusing defendant of a shooting assault that took place earlier in the morning of the same day on which the incident out of which the possession of a weapon charge arose. A third indictment charged him with first degree perjury relating to testimony he gave before the Grand Jury. Defendant entered pleas of not guilty to all counts. An omnibus motion was brought on defendant's behalf by assigned counsel. A suppression hearing was conducted to determine the admissibility of a .44 magnum revolver seized from defendant's person on October 3, 1981 at about 2:30 A.M. by the police. The court denied the suppression motion, finding that the police had "good cause to pat down the defendant". Subsequently, plea negotiations were entered into and on July 13, 1982, the court, after making inquiry of defendant, accepted defendant's plea of guilty of criminal possession of a weapon in the third degree in satisfaction of all pending indictments and crimes committed by defendant as of that date, known and unknown. Defendant, in exchange, "would withdraw all motions pending, undecided and decided, that have been made in all three matters". Additionally, if defendant had a prior felony conviction, he would be sentenced to two to four years' imprisonment. If not, his sentence would be two to six years' imprisonment. On July 27, 1982, at his sentencing hearing defendant moved *pro se* to withdraw his guilty plea, arguing that he had been ineffectively represented. This motion was denied. Defendant refused to accept his assigned counsel and he walked out of the courtroom. A recess was called and the sentencing proceedings continued in the detention pen immediately adjoining the courtroom, as defendant refused to return to the courtroom for sentencing. Defendant also refused to admit or deny whether he was convicted of a previous felony on January 16, 1982 in Schenectady County. The prosecutor then withdrew the information charging there was a prior felony conviction and consented to defendant being sentenced as a first felony offender. The court sentenced defendant to two to six years' imprisonment. This appeal ensued. There should be an affirmance. The trial court properly

denied defendant's motion to suppress the loaded .44 magnum revolver, as the frisk through which the weapon was discovered was lawful. The officers making the frisk had received radio calls dispatching them to a bar where a person had reportedly been threatened by a man with a gun. At the bar, one Brian Dunn told the officers that he had made the call to police and that a black man wearing light-colored clothes was in the bar with a gun. The officers knew that they were only two blocks from the scene where a man had been shot 50 minutes earlier, and that a black man wearing light-colored clothes carrying a silver object in his hands had been seen leaving the shooting scene. They knew that the perpetrator of the earlier crime had not yet been apprehended and that defendant matched the description of the suspect. Defendant was the only black man in the bar and was known to the officers. Patrolman William Potenza asked defendant whether he had a gun and defendant's only response was a smile. Under all of these circumstances, the limited pat-down search was lawful (see CPL 140.50, subd 3; *People v Klass,* 55 NY2d 821, 822; *People v Benjamin,* 51 NY2d 267, 270-271). The District Attorney's contention that defendant, by agreeing to "withdraw all motions pending, undecided and decided" as part of the plea bargain, waived his right to appellate review of the denial of his suppression motion is rejected. The written decision and order denying suppression was entered June 17, 1982. On July 13, 1982, the day on which the plea agreement was reached, that motion was no longer a pending motion. A waiver of a right to appeal "should not be presumed in the absence of specific language indicating this to be the defendant's intent" (*People v Williams,* 73 AD2d 1019, 1020). Such clear language is missing here. Defendant contends he was denied his constitutional right to a speedy trial. However, this issue was never raised at the trial court and it may not now be raised for the first time on appeal (see *People v Taylor,* 64 AD2d 998, 999). Defendant did attempt, *pro se,* to move to dismiss the indictments on March 2, 1982, but that motion was improper since defendant was represented by counsel (see *People v Richardson,* 4 NY2d 224, cert den 357 US 943). Further, that motion was made pursuant to CPL 210.35 (subd 4) and did not raise the constitutional speedy trial issue now being advanced. Thus, defendant has not preserved for our review the issue of denial of his right to a speedy trial. The trial court was justified in refusing to allow defendant to withdraw his guilty plea as there was no substantive basis to the withdrawal motion (see *People v Johnson,* 91 AD2d 782, 783). At the time of the plea, the court made sufficient inquiry of defendant and the record indicates defendant entered a knowing and voluntary plea of guilty. Defendant's claim that he pleaded guilty to a felony and not a violent felony is of no consequence. The indictment clearly identified the charge as being a violent class D felony and defendant admitted all the elements constituting criminal possession of a weapon in the third degree (Penal Law, § 265.02, subd [4]), which section 70.02 (subd 1, par [c]) of the Penal Law characterizes as a violent felony. Whether a felony is a violent felony only has relevance to the sentence to be imposed and, in the case at bar, that had been set by agreement as the result of the plea bargain. Therefore, whether defendant believed he was pleading to a violent felony had no effect on the sentence imposed. We have considered defendant's other claims of error, including that of inadequate representation, and find them to be without merit. Judgment affirmed. Sweeney, J. P., Casey, Mikoll and Yesawich, Jr., JJ., concur; Levine, J., not taking part.