■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY SMITH, Appellant.

After dismissal of the first four counts of the underlying indictment due to the unavailability of the complaining witness, the defendant was tried and convicted of the remaining count, criminal possession of a weapon in the third degree. Prior to the trial, the defense counsel rejected the court's offer to conduct a hearing, at which the complaining witness's Grand Jury testimony would be introduced into evidence, on the issue of whether there was probable cause for the arrest. Having thus waived the issue of probable cause, the defendant should not be heard to raise it on appeal. A contrary holding "would 'penalize the Government for failing to introduce evidence on probable cause for arrest [or other matters bearing on the Fourth Amendment] when the defendant's failure to raise an objection before or during trial seemed to make such a showing unnecessary' " *(People v Jones,* 81 AD2d 22, 44-45, quoting from *United States v Meadows,* 523 F2d 365, 368, *cert denied* 424 US 970).

Moreover, the defendant's claim does not merit review in the interest of justice (CPL 470.15 [3] [c]). An accusation against a specific individual from an identified citizen, such as was present in the instant case, is presumed reliable and may constitute the basis of police activity *(People v Marin,* 91 AD2d 616, 617). The testifying officers who were present at the scene had observed the defendant make a motion towards his waistband upon their approach. One of the officers testified that he had his attention focused upon the defendant so as to avoid being shot at. "It would, indeed, be absurd to suggest that a police officer has to await the glint of steel before he can act to preserve his safety" *(People v Benjamin,* 51 NY2d 267, 271). Mollen, P. J., Mangano, Niehoff and Weinstein, JJ., concur.