■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GUILLERMO GONZALEZ, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Boklan, J.), rendered August 14, 1985, convicting him of sodomy in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements made by him to the police.

Ordered that the judgment is affirmed.

The defendant first contends that the court erred in denying that branch of his omnibus motion which was to suppress certain statements given by him to the police. He maintains that the hearing court's findings were erroneous as a matter of law and that his statements should have been suppressed because he was not advised of his *Miranda* rights and because he did not make a knowing and intelligent waiver of those rights. We disagree.

It is well settled that great weight must be accorded to the determination of the hearing court with its particular advantages of having seen and heard the witnesses *(People v Prochilo,* 41 NY2d 759, 761) and its determination should not be disturbed where it is supported by the record *(People v Gee,* 104 AD2d 561; *People v Boyce,* 89 AD2d 623, 624; *see also, People v Armstead,* 98 AD2d 726). Here, the suppression court specifically rejected the defendant's claim that he had not been advised of his *Miranda* rights and also rejected his claim that he was unaware of what he was signing when he ac-

knowledged on the notification of rights card that he understood and waived his rights. The court further rejected his claim that he did not know what he was signing when he signed a typewritten copy of his statement. There is no basis in the record for reversing these findings.

The defendant's further contention that his statements should have been suppressed because they were the product of an illegal arrest is also without merit. As the hearing court correctly noted, the police had probable cause to arrest the defendant based upon the statement given to Detective Daniel Walsh by the 11-year-old complainant (see, CPL 140.10). Moreover, the defendant's claim the complainant's reliability had to be established before a warrantless arrest could be made is unfounded. Unlike a paid or anonymous informant, an eyewitness-victim of a crime can provide probable cause for the arrest of his assailant despite the fact that his reliability has not been previously established or his information corroborated (see, People v Crespo, 70 AD2d 661). In fact, an accusation against a specific individual from an identified citizen is presumed reliable (see, People v Smith, 124 AD2d 756, lv denied 69 NY2d 834; People v Marin, 91 AD2d 616). Probable cause is established absent materially impeaching circumstances, where, as here, the victim of an offense communicates to the arresting officer information affording a credible ground for believing the offense was committed and identifies the accused as the perpetrator (see, People v Walker, 129 AD2d 751; People v Crespo, supra). Contrary to the defendant's contentions, the fact that the complainant was 11 years old at the time of his complaint does not mean that his statement could not serve as a basis for establishing probable cause. Thus, the police had probable cause to arrest the defendant and his statements were not the tainted product of an unlawful arrest.

Additionally, we find no reason to disturb the sentence imposed (see, People v Suitte, 90 AD2d 80).

We have examined the defendant's remaining contentions and find them to be without merit. Mangano, J. P., Bracken, Kooper and Spatt, JJ., concur.