(December 22, 1988)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HARDY RENAUD, Appellant.—Judgment of the Supreme Court, New York County (Murray Mogel, J.), rendered on September 3, 1986, convicting defendant, following a jury trial, of burglary in the second degree, criminal possession of stolen property in the second degree, grand larceny in the third degree and two counts of possession of burglar's tools and sentencing him, as a predicate violent felon, to concurrent terms of imprisonment of 7½ to 15 years, two terms of 2 to 4

years and two terms of one year, is reversed on the law, the judgment of conviction vacated, the motion to dismiss the indictment granted and the indictment dismissed with leave to the People to resubmit the matter to the Grand Jury.

We have considered defendant's arguments and find merit only in his claim that he was denied the right to testify before the Grand Jury. In that regard, defendant was arrested on March 6, 1985 after allegedly burglarizing an apartment at 25 West 75th Street in Manhattan and removing certain property therefrom. He was observed by police officers, who recognized him as having been identified as a burglar of Upper West Side apartments using a particular modus operandi, while he was loading a television set and a duffel bag into a taxicab. When defendant was initially arraigned in Criminal Court on March 7, 1985, his attorney served written notice of defendant's intent to testify before the Grand Jury but the People never advised the defense of the time and place of the proceeding. Defendant was indicted on March 13, 1985 and charged with a variety of offenses, including burglary in the second degree and criminal possession of stolen property in the second degree. His arraignment thereon took place on April 8, 1985, at which time a plea of not guilty was entered.

On April 11, 1985, defendant submitted a *pro se* motion to dismiss the indictment against him pursuant to CPL 190.50 on the ground that he had not been accorded an opportunity to appear and testify before the Grand Jury. The record does not disclose that any court ruling was ever made with respect to that motion, and, indeed, at a subsequent reconstruction hearing, the Trial Judge stated that "I have absolutely no recollection of that motion. I have no recollection of seeing it, of having it brought to my attention or deciding it. I do know that the defendant was represented by Mr. Greenberg, Mr. Gary Greenberg of the Legal Aid Society. Mr. Greenberg did not, to my recollection, and apparently, it's agreed by everybody, did not call such a motion to my attention nor make one himself." According to the Judge, "[m]y general practice, when we are dealing with a pro se substative *[sic]* motion directed toward trial preparation, would be that where a defendant is represented by counsel, it is counsel who makes the motions that are adjudicated, that is, that are responded to by the People and decided by the Court. If there is a pro se motion which defense counsel agrees should be made and so notifies me, then that will become the motion that is adjudicated." Thus, the court failed to render a decision on defendant's *pro se* motion because defendant was represented by

counsel, and his lawyer did not seek to dismiss the indictment on this basis.

Defendant was ultimately convicted, following a jury trial, of all of the counts in the indictment. On appeal, in opposition to defendant's assertion that he was denied his statutory right to appear before the Grand Jury (see, CPL 190.50 [5] [a]), the People contend that it is within the discretion of a trial court to determine whether or not to permit a represented defendant to participate in the proceedings. The prosecution, moreover, urges that the Judge herein, obviously perceiving that the defense attorney had chosen not to adopt defendant's *pro se* motion for strategic reasons, properly declined to undercut counsel's tactics by acceding to defendant's conflicting request. However, the motivation of the court is pure supposition on the part of the prosecution and is unsustained by any evidence in the record. The fact is that although defendant served notice of his intention to testify before the Grand Jury, the prosecution did not comply with the mandate of CPL 190.50 (5) (a) that it inform the defense of the prospective or pending Grand Jury proceeding. Defendant then filed a timely motion to dismiss the indictment, the District Attorney did not respond, and the court failed to rule.

Since a motion to dismiss an indictment that has been obtained or filed in violation of the provisions of CPL 190.50 (5) (a) must be granted upon a timely motion to dismiss pursuant to CPL 190.50 (5) (c) (see, *People v Bey-Allah*, 132 AD2d 76), the only issue before us now is whether it is appropriate not to dismiss the indictment simply because the motion seeking such relief is made *pro se* by a represented defendant. The only legal support for the proposition advanced by the prosecution that the court need not consider such a *pro se* motion appears to be contained in *People v Walton* (98 AD2d 842, 843), wherein the Third Department referred to the *pro se* motion of defendant therein as "improper" in that he was represented by counsel. The other cases cited by the People (*People v Mirenda*, 57 NY2d 261; *People v Richardson*, 4 NY2d 224) involve *pro se* participation in trial proceedings, not motion practice, and are inapplicable to the instant situation. However, to the extent that the Third Department may have suggested that it is appropriate for courts to ignore *pro se* motions by represented defendants, we disagree with the opinion expressed in *People v Walton (supra)*. When confronted with a *pro se* motion, it is, at the very least, the obligation of the court to make further inquiry and ascertain whether the defense attorney is aware of the exis-

tence of the motion and has discussed its contents with his or her client. In the present matter, the lawyer representing defendant at his Criminal Court arraignment served written notice of defendant's desire to testify before the Grand Jury. Another attorney assumed representation at subsequent proceedings, and, notwithstanding the People's speculation concerning defense tactics and the value that defendant's Grand Jury testimony would have been to his position, there is nothing in the record to show that defendant's second counsel even knew that his client had previously indicated an interest in appearing before the Grand Jury, much less that he had entertained such an option and rejected it.

In the final analysis, the defense strategy of a lawyer is not independent of the client's wishes. While it is the responsibility of an attorney to provide the client with his or her best advice, that attorney must ultimately not only consult, but take into account the needs and desires of the client. The court, similarly, may not simply disregard a motion filed directly by the defendant because there is an attorney on the scene. A motion, whether made by counsel or a *pro se* defendant, mandates a ruling or else the court must clearly state its reasons for refusing to decide the motion. As for the merits of the instant motion, in the absence of any proof that defendant had disavowed his original intention to testify before the Grand Jury and in view of the failure of the prosecution to notify defendant of the time and place of the Grand Jury proceeding, the motion should have been granted. Therefore, defendant is entitled to have the conviction against him vacated and the indictment dismissed without prejudice to the People to resubmit. Concur—Murphy, P. J., Carro, Asch and Milonas, JJ.

Smith, J., dissents in a memorandum as follows: I dissent because the record in this case does not support the claim that the defendant, a man with at least a dozen prior criminal convictions, was improperly denied the right to testify before the Grand Jury. The majority finds a denial of said right (1) without any direct statement from the defendant or defense attorney or prosecutor as to what occurred following the defendant's alleged *pro se* motion to testify before the Grand Jury; (2) in the face of a statement by the court that it has no recollection of ever having seen the motion and that it would have required defendant's attorney to adopt the *pro se* motion before permitting it; and (3) in the light of testimony by the defendant before a petit jury which found him guilty.

The defendant argues that the indictment upon which a

jury convicted him of burglary, second degree, and related offenses, should be dismissed pursuant to CPL 190.50 (5). He bases this contention on the People's failure to give notice, pursuant to his written request, of the date, location and time when the charges against him were to be presented to a Grand Jury, and upon his timely objection to the People's failure.

The record fails to support the defendant's claim. It should be noted that in a hearing to dismiss an indictment, it is the defendant who bears "the burden of proving by a preponderance of the evidence every fact essential to support the motion." (CPL 210.45 [7].)

The issue is not, as stated by the majority, the appropriateness of dismissing an indictment simply because the motion seeking such relief is made *pro se* by a represented defendant. Rather, the issue is whether there is sufficient factual evidence before this court to enable it to conclude that the defendant's right to testify was improperly denied.

The right of a defendant to testify before the Grand Jury considering charges against him, and the procedure for exercising this right are set forth in CPL 190.50 (5), which provides in relevant part as follows:

"(a) When a criminal charge against a person is being or is about to be * * * submitted to a grand jury, such person has a right to appear before such grand jury as a witness in his own behalf if, prior to the filing of any indictment * * * he serves upon the district attorney of the county a written notice making such request and stating an address to which communications may be sent. * * *

"(c) Any indictment * * * obtained or filed in violation of the provisions of paragraph (a) or (b) is invalid and, upon a motion made pursuant to section 170.50 or section 210.20, must be dismissed; provided that *a motion based upon such ground must be made not more than five days after the defendant has been arraigned upon the indictment * * *. If the contention is not so asserted in timely fashion, it is waived and the indictment or prosecutor's information may not thereafter be challenged on such ground."* (Emphasis added.)

The record indicates that, at the defendant's arraignment (on Mar. 7, 1985) in Criminal Court his attorney, Joan Sheppard of the Legal Aid Society, served the Assistant District Attorney with a form notifying the prosecution of the defendant's desire to testify before the Grand Jury and requesting that his counsel be advised of the scheduled date.

Subsequently, the case against the defendant was presented to the Grand Jury which, on or about March 12, 1985, returned indictment number 1604-85 charging him with burglary, second degree, and several related crimes. The defendant did not testify before the Grand Jury. The record does not reflect whether the defendant was notified of the date(s) of the Grand Jury proceedings against him and the People do not concede that defendant was not notified. However, when the People advised the Criminal Court on March 12, 1985 that the defendant had been indicted and that they were filing a certificate of affirmative Grand Jury action, Ms. Sheppard registered no objection to the indictment. While the Criminal Court was divested of jurisdiction by virtue of the indictment, it is not unreasonable to expect that both the defendant and his counsel would have objected to the filing of an indictment in the absence of an opportunity to give Grand Jury testimony.

On April 8, 1985 the defendant was arraigned on the indictment in the Supreme Court, New York County, before Justice Brenda Soloff and entered a plea of not guilty. Neither the defendant nor his Legal Aid Attorney, James McQueenie, mentioned the CPL 190.50 claim.

The Supreme Court file contains a *pro se* notice of motion and affidavit, dated April 11, 1985, in which the defendant seeks dismissal of indictment number 1604-85 for failure of the People to permit him to testify before the Grand Jury. The defendant continued to be represented by the Legal Aid Society on April 11, 1985. These *pro se* papers contain nothing whatsoever to indicate when they were filed and what, if any, action was taken to calendar the motion or, if calendared, what action was taken by the court.

The file also contains an affidavit of service by the defendant, sworn to on April 11, 1985 before Michael P. Moran, which states: "That I have on this 11 day of April, 1985 placed and submitted within the Adolescent Reception and Detention Center, copies of all moving papers to be mailed via United States Postal Service to all the following concerned parties to this Action. Motion to Dismiss Indictment."

The addressees include:

"Clerk Supreme Court
County of New York
Term Part 70
100 Centre Street
New York, NY 10013

"District Attorney
County of New York
One Hogan Place
New York, NY 10013"

The affidavit of service does not say exactly where the papers were placed and submitted and nothing in the record provides clarification. There should be evidence from the defendant as to where the papers were placed.

The next adjourned date was April 29, 1985. While the *pro se* motion papers contain the handwritten notation "4-29" in the upper right corner, suggesting that it was to be considered by the IAS court on that date, the minutes of the April 29, 1985 calendar call of that case have been lost. None of the parties is able to recall what consideration, if any, was given to the motion by the court on April 29, or whether the motion was withdrawn.

Thereafter, by notice of omnibus motion filed on August 6, 1985, the defendant, by his Legal Aid attorney, sought, *inter alia,* inspection of the Grand Jury minutes and dismissal of the indictment on grounds which included legal insufficiency of evidence, illegal constitution of the Grand Jury, and improper instructions by the Assistant District Attorney. However these extensive omnibus motion papers failed to raise the CPL 190.50 claim.

Once again, by notice of motion dated October 25, 1985, the Legal Aid Attorney moved to dismiss the indictment on the grounds that the People were not ready for trial within the time periods required by CPL 30.30. Once again no mention was made of the People's failure to notify defendant of the Grand Jury proceeding.

On June 23, 1988 a hearing was held before Justice Soloff in an attempt to reconstruct what occurred with respect to defendant's *pro se* motion. Unfortunately, no testimony was taken of the defendant or anyone else and, unfortunately, the discussion between the attorneys and the court at the Bench is not recorded. Judge Soloff stated:

"I have absolutely no recollection of that motion. I have no recollection of seeing it, of having it brought to my attention or deciding it.

"I do know that the defendant was represented by Mr. Greenberg, Mr. Gary Greenberg of the Legal Aid Society. Mr. Greenberg did not, to my recollection and apparently, it's agreed by everybody, did not call such a motion to my attention [n]or make one himself. * * *

"There's nothing in any record that anybody can find about it."

Based upon the foregoing, I am unable to conclude (1) that a timely objection was raised to the alleged failure of the People to notify defendant of the scheduled Grand Jury date, (2) that the motion court improperly denied a *pro se* motion to dismiss, and (3) that the motion, even if timely filed, was not subsequently withdrawn.

The defendant and his attorneys, who obviously are in the best position to recall the time of filing and ultimate disposition of the *pro se* motion, merely assert that the defendant "made a timely motion pursuant to CPL § 190.50 (5) (c)" and that "although appellate counsel has been unable to locate a ruling on the instant motion, appellant's motion must have been denied". Nor on this appeal does the defendant attempt to explain why the CPL 190.50 claim was not incorporated in subsequent motions filed by trial counsel in his behalf.

The record before us fails to establish justification for vacating defendant's conviction and dismissing the indictment.