■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LOUIS A. BEAMES, Appellant.—Crew III, J. Appeal from a judgment of the County Court of Washington County (Berke, J.), rendered June 30, 1989, convicting defendant upon his plea of guilty of the crime of burglary in the second degree.

Defendant was indicted by a Grand Jury for the crimes of attempted robbery in the second degree, burglary in the second degree, criminal possession of a weapon in the fourth degree and criminal mischief in the fourth degree. Following a *Huntley* hearing, County Court denied defendant's motion to suppress an inculpatory statement. Defendant subsequently pleaded guilty to burglary in the second degree and was sentenced to an indeterminate prison term of 5 to 10 years. On appeal to this court, judgment was reversed, the motion to suppress defendant's statement was granted and the matter was remitted to County Court for further proceedings on the indictment (149 AD2d 817). Defendant, while being represented by assigned counsel, then moved *pro se* for dismissal of the indictment upon the ground, *inter alia,* that the evidence before the Grand Jury was legally insufficient. County Court declined to consider the motion unless defendant agreed to appear *pro se* or his assigned counsel adopted the motion as his own. Assigned counsel declined to submit the motion on defendant's behalf. Thereafter, defendant again pleaded guilty to burglary in the second degree and, pursuant to plea negotiations, was sentenced as a second felony offender to an indeterminate prison term of 3½ to 7 years.

On this appeal defendant contends that County Court abused its discretion in refusing to entertain the *pro se* motion and that he was denied effective assistance of counsel. It is clear that a defendant has no right to a hybrid form of

representation and it cannot be said that County Court abused its discretion in denying defendant that type of representation in this case *(see, People v Garcia,* 69 NY2d 903). County Court painstakingly advised defendant as to the options available to him and defendant opted to continue with his assigned counsel *(see, supra).*

Defendant asserts that assigned counsel provided him ineffective representation when he permitted him to plead guilty to burglary in the second degree without first moving to dismiss the indictment for legal insufficiency. He bottoms his argument on the proposition that if his suppressed statement had been a significant basis for the indictment, then dismissal would have been mandated and assigned counsel knew or should have known of that fact. Quite to the contrary, defendant's statement, if presented to the Grand Jury, was competent prima facie and its subsequent suppression would not impair the validity of the indictment *(see, People v Oakley,* 28 NY2d 309; *People v Kersch,* 135 AD2d 570, *lv denied* 70 NY2d 1007). Consequently, assigned counsel's refusal to move to dismiss the indictment on the ground asserted by defendant did not constitute ineffective assistance.

Finally, we find defendant's argument that the sentence imposed was harsh and excessive to be wholly without merit.

Mahoney, P. J., Levine, Mercure and Harvey, JJ., concur. Ordered that the judgment is affirmed.