■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK H. PITCHER, Appellant.—Levine, J. Appeal from a judgment of the County Court of Rensselaer County (Dwyer, Jr., J.), rendered July 31, 1991, upon a verdict convicting defendant of the crimes of burglary in the second degree and grand larceny in the fourth degree (two counts).

On April 14, 1988, defendant was arrested and subsequently charged with burglary in the second degree and two counts of grand larceny in the fourth degree. At his arraignment on August 3, 1988, defendant pleaded not guilty and was released on bail. At the same time the People declared their readiness for trial. On September 11, 1989, defendant was convicted of a

Federal offense and was incarcerated from October 12, 1989 until August 10, 1990 in a correctional facility in Pennsylvania. On August 15, 1990, custody of defendant was transferred to Rensselaer County at which time bail was continued and defendant was offered immediate trial. Ultimately defendant was brought to trial on May 9, 1991, after which he was convicted of all three counts. Prior to sentence and by way of a CPL article 330 motion, substituted defense counsel moved to dismiss the indictment on speedy trial grounds. County Court denied the motion on the ground that defendant had waived his speedy trial claim. On this appeal, defendant limits his arguments to the various claims of the denial of his right to a speedy trial.

We affirm. A motion to dismiss on the ground of the denial of a defendant's right to a speedy trial must be made prior to the commencement of trial or before a guilty plea (CPL 210.20 [2]). Consequently, substituted defense counsel's attempt to raise this objection via a CPL article 330 motion after trial and before sentencing was ineffective (see, People v Lawrence, 64 NY2d 200, 203-204).

Defendant's April 1990 pro se motion to dismiss on speedy trial grounds was also ineffective. First, it was unavailing because defendant was then being represented by assigned counsel who declined to adopt the motion as his own (see, People v Beames, 174 AD2d 775, lv denied 78 NY2d 961). Second, it was ineffectual because the motion failed to comply with the requirements of CPL 210.45 (1) by not being made upon reasonable notice to the People or containing sworn allegations of the relevant facts, thereby resulting in a waiver of defendant's claim (see, People v Lawrence, supra, at 203). To whatever extent defendant's arguments may be reviewable by us in the interest of justice (see, CPL 470.15 [3] [c]), we decline to disturb the judgment of conviction.

Weiss, P. J., Mikoll and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed, and matter remitted to the County Court of Rensselaer County for further proceedings pursuant to CPL 460.50 (5).