OPINION OF THE COURT
Joseph Fisch, J.
Defendant, purporting to act pro se, while represented by *557 counsel, moves to dismiss the indictment on the ground that it is time barred under CPL 30.30. Upon receipt of the motion, the court conducted an inquiry to ascertain whether defendant’s attorney adopted said motion. Defendant’s attorney, after conferring with defendant, discussing the merits of the motion with him and conferring with her supervisor, has declined to adopt the motion. Accordingly, for the reason stated herein, the court refuses to entertain the motion and it is dismissed.
In People v Renaud (145 AD2d 367, 369-370 [1st Dept 1988]), the Appellate Division, First Department, stated: "When confronted with a pro se motion, it is, at the very least, the obligation of the court to make further inquiry and ascertain whether the defense attorney is aware of the existence of the motion and has discussed its contents with his or her client * * * A motion, whether made by counsel or a pro se defendant, mandates a ruling or else the court must clearly state its reasons for refusing to decide the motion.”
In Renaud (supra), the defendant’s attorney served written notice of his client’s intent to testify before the Grand Jury but the People never advised the defense of the particular date and time of the proceeding. Subsequently, defendant was indicted for burglary and related offenses. The defendant then moved pro se to dismiss the indictment. The Supreme Court file contained a copy of defendant’s pro se section 190.50 motion but there was no record of what, if any, steps were taken to calendar the motion, and what, if any, ruling was made by the court. An omnibus motion filed several months later by defendant’s attorney raised numerous grounds for dismissal of the indictment, but did not raise any section 190.50 claim. The trial court stated it had absolutely no recollection of defendant’s pro se motion, noted that the defense counsel had not called it to his attention nor made one himself, and ignored it. Defendant was convicted after trial.
Upon appeal, the majority in Renaud (supra) reached the merits of the pro se motion, holding that the settled decisional law to the effect that there is no constitutional right of a represented defendant to supplement his own defense by participating jointly with his attorney in the conduct of his trial (hybrid representation) does not permit a trial court to simply ignore a pro se motion on the ground that defendant is represented without conducting a specific inquiry on the record. The court must ask:
*558 (1) Is counsel aware of the motion?
(2) Does counsel believe the motion has merit?
(3) Is there a conflict between counsel and his client?
The Court in Renaud (supra) also noted that the question before it was essentially one of first impression. The Renaud Court noted that most of the reported cases "involve pro se participation in trial proceedings, not motion practice, and are inapplicable to the instant situation”. (People v Renaud, supra, at 369; see, People v White, 73 NY2d 468, 477 [1989], cert denied 493 US 859 [1989] [defendant has no constitutional right to file a supplemental pro se brief); see also, People v Garcia, 69 NY2d 903 [1987] [defendant has no constitutional right to try his case pro se but have standby counsel question him on his own direct examination]; People v Ferguson, 67 NY2d 383, 390 [1986] [defendant has no constitutional right to make consent to a mistrial depend on his personal consent]; People v Mirenda, 57 NY2d 261, 265-267 [1982] [defendant has no constitutional right to have standby counsel appointed while conducting his trial defense pro se]; People v Richardson, 4 NY2d 224 [1958] [represented defendant has no constitutional right to give his own summation].)
The few reported cases where a defendant claims a right to file a pro se motion while represented do not discuss the court’s duty to conduct the inquiry outlined in Renaud (supra). Although the prosecution in Renaud (supra) cited a Third Department case involving the filing of a pro se motion by a represented defendant (People v Walton, 98 AD2d 842 [3d Dept 1983]) the Court in Walton (supra) did not discuss the issue of whether a represented defendant has a right to file a pro se motion or whether the court has any duty to make an inquiry concerning counsel’s position on the motion before refusing to rule on it. The Court in Walton (supra), deciding other issues in that appeal, simply referred to the pro se motion as "improper” because the defendant was represented, citing People v Richardson (supra) without any discussion. The Appellate Division, First Department, stated in Renaud (supra) that "to the extent that the Third Department may have suggested that it is appropriate for courts to ignore pro se motions by represented defendants, we disagree with the opinion expressed in People v Walton (supra)”. (People v Renaud, supra, at 369.)
The phrase "hybrid representation” was used in People v Mirenda (supra), where the Court of Appeals considered and *559 rejected a defendant’s claim of a constitutional right to have standby counsel appointed even though he had chosen to represent himself. The Court noted, that the right to counsel, guaranteed by the United States Constitution (Sixth Amend) and State Constitution (NY Const, art I, § 6) gives the defendant a right to have a lawyer appointed if he cannot afford one (citing Gideon v Wainwright, 372 US 335 [1963], and Argersinger v Hamlin, 407 US 25 [1972]). Similarly, a competent and nondisruptive defendant has a constitutional right to represent himself. (Faretta v California, 422 US 806, 819 [1975] ["the right to self-representation — to make one’s own defense personally — is thus necessarily implied by the structure of the (Sixth) Amendment”]; People v McIntyre, 36 NY2d 10 [1974].)* But the Court found that "[w]hat defendant asserts here, however, is a constitutional claim to a hybrid form of representation. He maintains that he had the right to proceed pro se, while simultaneously being advised by appointed 'standby’ counsel. No such right is guaranteed by either the State or Federal Constitution”. (People v Mirenda, supra, at 265.) The Court added that although the appointment of standby counsel has received judicial approval, it is at the discretion of the Trial Judge, in the interests of trial management (citing People v Sawyer, 57 NY2d 12, 22 [1982], quoting Faretta v California, supra, at 835, n 46; see also, ABA Standards for Criminal Justice, Special Functions of the Trial Judge, Standard 6-3.7 [2d ed]; see also, People v Williams, 143 AD2d 959 [2d Dept 1988]). The Court stated in a footnote that if a pro se defendant had the right to standby counsel, conversely, a defendant would have a right to take part in the conduct of a trial by making motions, cross-examining witnesses, or arguing to the jury.
This court’s research reveals few additional reported cases directly involving a defendant’s claim of a right to make a pro se motion while represented by competent counsel with whom he has no conflict, although this court is aware that it is a too common practice of represented defendants to make pro se *560 motions. However, these cases: People v Beames (174 AD2d 775 [3d Dept 1991]); People v Pitcher (182 AD2d 878 [3d Dept 1992]); People v Smith (162 AD2d 734 [2d Dept 1990]); and another related case: People v Jordan (96 AD2d 1060 [2d Dept 1983], affd 62 NY2d 825 [1984]), do not discuss the relevant law in detail or state whether any inquiry was made by the court of defense counsel as to whether counsel adopted the motion. In Beames (supra) and Pitcher (supra) the appellate courts noted in passing their approval of a lower court’s refusal to entertain a represented defendant’s pro se motion but without specifying the application of any inquiry to the facts in those cases. Similarly, in People v Smith (supra, at 735), the Appellate Division, Second Department, in a memorandum decision held that the trial court’s refusal to entertain a pro se motion without prejudice to its renewal if adopted by counsel was "not an improvident exercise of discretion”, citing People v White (supra) and People v Ford (143 AD2d 841, 842 [2d Dept 1988]). However the decision does not contain a discussion of the nature of the inquiry, if any, conducted by the trial court. In a related case, People v Jordan (96 AD2d 1060 [2d Dept 1983], affd 62 NY2d 825 [1984]), the Court refused to recognize a prior pro se habeas corpus writ as preserving the defendant’s right to raise a constitutional speedy trial claim on appeal. The Court in Jordan, citing People v Mirenda (supra), noted that in the decisions of the New York Court of Appeals "[e]mphatically rejected was the notion that 'a defendant who [chooses] to be represented by counsel would have the right also to personally take part in the conduct of the trial by * * * making motions.’ ” (People v Jordan, supra, at 1061, quoting People v Mirenda, supra, at 266.)
There is a delicate balance to be struck. On the one hand "the defendant who has a lawyer relegates control of much of the case to the lawyer except as to certain fundamental decisions reserved to the client.” (People v Ferguson, supra, at 390, citing People v Jordan, 96 AD2d 1060, 1061 [2d Dept 1983], affd 62 NY2d 825 [1984], supra.) Yet, "[wjhile it is the responsibility of an attorney to provide the client with his or her best advice, that attorney must ultimately not only consult, but take into account the needs and desires of the client. The court, similarly, may not simply disregard a motion filed directly by the defendant because there is an attorney on the scene.” (People v Renaud, supra, 145 AD2d, at 370.) In the case at bar, this counsel complied with both her fiduciary duty *561 to her client and her ethical obligation as an officer of the court to refrain from frivolous arguments. When this court conducted the required inquiry, defendant’s counsel stated, after conferring with her client and supervisor, that she could not adopt defendant’s motion. Defendant did not and does not allege conflict or dissatisfaction with the effectiveness of counsel’s representation. The court further finds there exists no reasonable basis for dissatisfaction.
Our overburdened criminal justice system cannot tolerate, and courts should not permit, the proliferation of frivolous motions by defendants represented by competent assigned counsel, where counsel has explored the claims set forth in the motion and found them without merit. In many of these cases, these defendants seek not to advance a right but to delay and obstruct the proceedings to the ultimate disadvantage of all parties in the system. See, e.g., People v McIntyre (supra, at 16) where the Court noted "the experienced and wily defendant often refuses counsel in order to lay the foundation for a mistrial or a later attack of the conviction”. The Court notes that motion practice in the Criminal Term of the Supreme Court is often burdened with frivolous pro se motions that many defense counsel automatically adopt, in a misguided attempt to insulate themselves from future claims of ineffectiveness.
Such indiscriminate adoption by defense attorneys of their clients’ frivolous pro se motions must cease. Defense counsel are reminded that the courts are not without authority to curtail the waste of resources resulting from these motions. In Entertainment Partners Group v Davis (198 AD2d 63), the Appellate Division, First Department, affirmed the imposition of sanctions against the plaintiffs, corporate owners of a nightclub, for forcing defendants, three members of a community block association, to defend against a frivolous defamation action that the Court found to be without basis in fact or law and simply designed to discourage defendants’ opposition to plaintiffs’ application for a zoning permit (a "SLAPP” suit: "Strategic Lawsuit Against Public Participation”). A similar problem was dealt with in the Federal jurisdiction in the case of Anthony R. Martin-Trigona (index No. 93-5008, filed Nov. 5, 1993) in which Chief Judge Jon O. Newman approved a Second Circuit procedure requiring two dozen "vexatious litigants” including two sanctioned pro se litigants to obtain permission before filing any motions with the court (see, NYLJ, Nov. 9, *562 1993, at 1, col 2). This court serves notice and warning upon counsel that in the future the thoughtless and promiscuous adoption of a client’s frivolous pro se motions will result in sanctions, where appropriate.
Accordingly this court declines to rule on defendant’s pro se motion.

 "A defendant in a criminal case may invoke the right to defend pro se provided: (1) the request is unequivocal and timely asserted, (2) there has been a knowing and intelligent waiver of the right to counsel, and (3) the defendant has not engaged in conduct which would prevent the fair and orderly exposition of the issues.” (People v McIntyre, supra, at 17; see also, People v Krom, 91 AD2d 39, 45-46 [3d Dept 1983] [the defendant’s unjustifiable disruptive conduct evidenced that he forfeited his right to act as his own attorney, citing McIntyre, supra]; accord, People v Glover, 90 AD2d 776 [2d Dept 1982].)