■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE RODRIGUEZ, Appellant. [692 NYS2d 25] —Judgment, Supreme Court, Bronx County (Lawrence Bernstein, J., at suppression hearing; Joseph Fisch, J., at proceeding on *pro se* motions, jury trial and sentence), rendered September 30, 1996,

convicting defendant of robbery in the first degree, and sentencing him, as a second felony offender, to a term of 8½ to 17 years, unanimously affirmed.

The verdict was not against the weight of the evidence. We see no reason to disturb the jury's credibility determinations.

Although, as the People concede, the court-ordered lineup was unlawfully conducted in the absence of defendant's counsel, the error was harmless since identification was not an issue in the case and there was no reasonable possibility that the tainted evidence contributed to defendant's conviction (*see, People v McMoore*, 214 AD2d 893, *lv denied* 86 NY2d 798, *cert denied* 516 US 1096). Although the credibility of the complainant's accusation against defendant was at issue, her ability to recognize him was not; on the contrary, a main theme of the defense was that the complainant had a bias against defendant allegedly arising out of their prior relationship.

The court properly denied defendant's *pro se* speedy trial motions. Contrary to defendant's contention that the court refused to consider these motions, the record reveals that the court sufficiently complied with *People v Renaud* (145 AD2d 367, *appeal dismissed* 74 NY2d 734) by ascertaining that counsel chose not to adopt these motions (*see, People v White*, 73 NY2d 468, 477-479, *cert denied* 493 US 859; *People v Ferguson*, 67 NY2d 383, 390), which the court characterized as "frivolous".

The court properly exercised its discretion in denying defendant's request for a second adjournment to secure the presence of the unidentified author of a particular police report, since the witness's testimony would have been cumulative to other evidence already presented at trial (*see, People v Foy*, 32 NY2d 473). To the extent that defendant is raising a constitutional claim, such claim is unpreserved and we decline to review it in the interest of justice.

Defendant's generalized objection failed to preserve his challenge to a comment of the prosecutor during summation, and we decline to review it in the interest of justice. Were we to review such claim, we would find the comment to be harmless error. Concur—Sullivan, J. P., Nardelli, Lerner, Rubin and Saxe, JJ.