■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WAYNE SMITH, Appellant. [717 NYS2d 540] —Judgment, Supreme Court, Bronx County (George Covington, J.), rendered July 8, 1997, convicting defendant, after a jury trial, of robbery in the first degree (five counts) and burglary in the first degree, and sentencing him to an aggregate term of 17 to 34 years, unanimously affirmed.

Defendant's argument that his arrest was made without probable cause because a witness's identification of him was allegedly untrustworthy is unpreserved and we decline to review it in the interest of justice. Moreover, this claim is procedurally defective because it rests on evidence adduced at the trial but not at the hearing. In any event, the witness's identification of defendant gave the police probable cause to arrest him (*see, People v Gonzalez*, 138 AD2d 622, *lv denied* 71 NY2d 1027).

The court was under no obligation to order a competency hearing *sua sponte*. Defendant was examined pursuant to CPL

article 730 by two psychiatrists who found that his mental condition did not render him incompetent, and that finding was confirmed without objection. There is nothing in the record to suggest that this determination was erroneous or that there was any need for further competency proceedings.

The court properly exercised its discretion in denying severance of the robbery counts, which were properly joinable under CPL 200.20 (2) (c), as there was no good cause shown (CPL 200.20 [3]). Contrary to defendant's arguments on appeal, the People's evidence regarding each robbery was strong, uncomplicated, and readily capable of being considered separately by the jury (*see, People v Streitferdt,* 169 AD2d 171, 176, *lv denied* 78 NY2d 1015).

Defendant's *pro se* speedy trial motion was properly denied on the ground that defense counsel declined to adopt it (*see, People v Rodriguez,* 262 AD2d 58, *revd on other grounds* 95 NY2d 497). In any event, the motion was facially insufficient in that it did not address the People's readiness. Defendant's remaining speedy trial claim is both unpreserved and unreviewable. Concur—Lerner, J. P., Andrias, Saxe, Buckley and Friedman, JJ.