*229 OPINION OF THE COURT
John M. Leventhal, J.
Defendant, pro se, moves to vacate his judgment of conviction pursuant to CPL 440.10. Having moved this court under CPL 440.10 on four previous occasions, appealed to the Appellate Division of the Supreme Court, and petitioned the United States District Court for the Eastern District of New York for a writ of habeas corpus, defendant now contends that his conviction must be vacated because the complaining witness perjured himself at trial, the prosecutor had knowledge of the complaining witness’s intention to perjure himself, and the complaining witness’s perjury renders the evidence presented insufficient to support his conviction. The defendant further maintains that his conviction must be vacated because defendant’s trial counsel was ineffective and did not afford defendant a fair trial.
The court has considered defendant’s motion and amended motion papers — dated April 20, 2007 and June 26, 2007 respectively — the People’s answering papers, defendant’s reply to the People’s answering papers, defendant’s previous motion papers and appellate briefs, this court’s prior decisions on this case, and the Appellate Division’s decision affirming defendant’s judgment of conviction. For the reasons stated below, defendant’s motion is denied in full. Further, because defendant has undoubtably pursued all possible avenues of relief from his conviction and because defendant has filed five CPL article 440 motions within three years, defendant is directed that he must ask permission, either from this court or the district’s administrative judge, before filing future CPL article 440 motions, and he must outline the issues he intends to raise in his application.
Procedural History
On May 27, 2003, following a jury trial, the defendant was convicted of robbery in the first degree, assault in the first degree, and burglary in the first degree. This court denied defendant’s motion to set aside his verdict under CPL 330.30; and the United States District Court for the Eastern District of New York dismissed defendant’s petition for a writ of habeas corpus. Hence, defendant was sentenced on March 15, 2004, as a second felony offender, to 14 years in prison on each count, all to run concurrently.
Defendant then made a series of CPL 440.10 motions to this court and appealed to the Appellate Division to set aside his conviction. On April 14, 2004, defendant moved this court under *230 CPL 440.10 (1) (h) on grounds of ineffective counsel. Defendant’s motion was denied. On March 10, 2005, defendant moved under CPL 440.10 (1) (g) on grounds of newly discovered evidence; defendant also renewed his ineffective counsel argument that defendant made in his previous CPL 440.10 motion. Defendant’s motion was denied.
On September 28, 2005, defendant perfected the appeal of his conviction with the Appellate Division. The Appellate Division held that defendant’s conviction was not against the weight of the evidence. Defendant’s conviction was affirmed. (People v Moore, 29 AD3d 825 [2006].) Defendant sought leave to appeal to the Court of Appeals of New York. Defendant’s application was denied. (People v Moore, 7 NY3d 792 [2006].)
While defendant’s appeal was pending, on January 23, 2006, defendant moved this court again under CPL 440.10 for prosecutorial abuse of authority, prosecutorial misconduct, unlawful arrest under Payton v New York (445 US 573 [1980]), and suppression of evidence. Defendant’s motion was denied both because defendant’s motion was procedurally barred by statute and because defendant’s arguments lacked merit. On July 10, 2006, defendant again moved this court under CPL 440.10 (1) (h) on ineffective counsel grounds. Defendant’s motion was denied because defendant had prior opportunities to raise his argument either on appeal to the Appellate Division or in previous CPL article 440 motions to this court.
On January 18, 2007, defendant applied in the Appellate Division for a writ of error coram nobis for ineffective assistance of appellate counsel. Defendant’s application was denied. (People v Moore, 39 AD3d 672 [2007].) Defendant sought leave to appeal to the Court of Appeals of New York. Defendant’s application for leave to appeal is currently pending in the Court of Appeals.
Discussion
Defendant now moves to vacate his judgment of conviction under CPL 440.10 for the fifth time in three years. Specifically, defendant argues that: (1) the complaining witness perjured himself at trial; (2) the prosecutor was aware that the complaining witness would perjure himself; and (3) the complaining witness’s perjurious statements render the evidence insufficient for defendant’s conviction. In addition, in amended motion papers, defendant once again asserts ineffective counsel under CPL 440.10 (1) (h). As argued in earlier motions, defendant asserts that he was prejudiced by his trial counsel’s failure to call *231 certain witnesses at trial whose testimony the defendant believes would have produced a different outcome.
Defendant’s arguments regarding the complaining witness’s testimony are matters of record.[1] Since defendant failed to raise these arguments on appeal, defendant’s motion is mandatorily barred under CPL 440.10 (2) (c).[2] (See also People v Cooks, 67 NY2d 100 [1986].) In fact, in defendant’s reply to the People’s answer, defendant himself notes that even issues not preserved at trial are appealable under a “plain error” standard.
Further, assuming arguendo that defendant’s motion is not statutorily barred, defendant has had four prior occasions to bring his current arguments to the court’s attention.[3] Therefore, this court hereby exercises its discretion in denying defendant’s motion without a hearing under CPL 440.10 (3) (c).[4] (See also People v Dover, 294 AD 2d 594 [2002]; People v Cochrane, 27 AD3d 659 [2006].)
Defendant’s amended motion regarding ineffectiveness of trial counsel is also denied under CPL 440.10 (3) (c). Defendant has raised ineffective counsel arguments in each of his previous motions. In fact, defendant’s argument that his trial counsel failed to call certain witnesses at trial has already been raised in defendant’s previous CPL 440.10 motions and denied by this court.
*232 Accordingly, defendant’s motion is denied in all respects.
Defendant has now moved this court five times in only three years under CPL 440.10. While the right to defend pro se is constitutionally protected and statutorily granted in New York, such right “is not absolute but subject to certain restrictions.” (People v McIntyre, 36 NY2d 10, 17 [1974].) The New York court system is sometimes burdened with frivolous pro se motions and is “not without authority to curtail the waste of resources resulting from these motions.” (People v Rivera, 159 Misc 2d 556, 561 [1993]; see also People v Brown, 14 Misc 3d 1237[A], 2007 NY Slip Op 50401[U], *4 [2007] [noting that enjoining defendant from making future motions is “well within (the) Court’s discretion”].)
Further, defendant has repeatedly raised the same issues, although perhaps couched in different language. These have all been found to be without merit on previous occasions. Therefore, this court directs that defendant must seek permission in writing, either from this court or the administrative judge of this district, before filing future CPL 440.10 motions and must outline the issues he wishes to raise.

. The defendant concludes that because certain of the complaining witness’s statements were purportedly inconsistent, that constitutes perjury.

. CPL 440.10 (2) (c) reads:
“Although sufficient facts appear on the record of the proceedings underlying the judgment to have permitted, upon appeal from such judgment, adequate review of the ground or issue raised upon the motion, no such appellate review or determination occurred owing to the defendant’s unjustifiable failure to take or perfect an appeal during the prescribed period or to his unjustifiable failure to raise such ground or issue upon an appeal actually perfected by him.”

. Indeed, defendant’s current motion merely couches in different terms arguments that defendant has made in previous motions. For example, in defendant’s CPL 440.10 motion dated March 10, 2004, one of defendant’s arguments hinged on the complaining witness’s testimony regarding the condition of the complaining witness’s apartment door, which defendant again raises in this current motion.

. CPL 440.10 (3) (c) reads:
“Notwithstanding the provisions of subdivision one, the court may deny a motion to vacate a judgment when . . .
“[u]pon a previous motion made pursuant to this section, the defendant was in a position adequately to raise the ground or issue underlying the present motion but did not do so.”