The People of the State of New York, Respondent, 
against
Randolph Jenkins, Appellant.



Appeal from a judgment of the Criminal Court of the City of New York, Kings County (Gilbert C. Hong, J.), rendered April 3, 2013. The judgment convicted defendant, upon his plea of guilty, of disorderly conduct. The appeal from the judgment brings up for review so much of an order of the same court (Martin A. Sciarrino, J.) dated March 22, 2013 as denied, after a hearing before a judicial hearing officer, the branch of defendant's motion seeking to suppress physical evidence.




ORDERED that the judgment of conviction is affirmed.
Defendant was charged with menacing in the second degree (Penal Law § 120.14 [1]), criminal possession of a weapon in the fourth degree (Penal Law § 265.01 [2]), menacing in the third degree (Penal Law § 120.15) and harassment in the second degree (Penal Law § 240.26 [1]).
Upon a motion by defendant to suppress, among other things, physical evidence, a hearing was held before a judicial hearing officer, at which a police officer testified that he had received a radio call that a "male black with a knife [was] threatening people." Upon arriving at the scene, he was immediately waved down by two individuals known to him as Mr. and Mrs. Banks. They told him that there was a man with a large knife who had threatened them with it, and they pointed to that man, defendant, as he was walking alone across the street. The officer further testified that he had then approached defendant and placed him in handcuffs for the officer's safety. After conducting a search, the officer seized a 10-inch knife which he found in defendant's front waist band. Although the judicial hearing officer recommended that the branch of defendant's motion seeking to suppress the knife be granted, the Criminal Court (Martin A. Sciarrino, J.) rejected the recommendation and denied that branch of defendant's motion. Defendant subsequently pleaded guilty to disorderly conduct in full satisfaction of all of the pending charges.
On appeal, defendant challenges the propriety of the Criminal Court's denial of the branch of his motion seeking to suppress the knife.
"On a motion to suppress physical evidence, the People bear the burden of going forward to establish the legality of police conduct in the first instance" (People v Hernandez, 40 AD3d 777, 778 [2007]; see People v Berrios, 28 NY2d 361, 367-368 [1971]). The information provided by the identified victims, Mr. and Mrs. Banks, to the police was based upon their personal knowledge and accused defendant of committing a specific crime. Thus, the [*2]information is presumed to be sufficiently reliable to provide probable cause for an arrest, despite the fact that their reliability had not been previously established or that the information provided had not been corroborated (see People v Read, 74 AD3d 1245, 1246 [2010]; People v Smith, 278 AD2d 126 [2000]; People v Sanders, 239 AD2d 528 [1997]; People v Gonzalez, 138 AD2d 622 [1988]; People v Smith, 124 AD2d 756 [1986]). Consequently, probable cause was established for the officer to search defendant (see People v Jackson, 105 AD3d 866 [2013]; Read, 74 AD3d at 1246; Smith, 278 AD2d at 126; Sanders, 239 AD2d at 528) and, thus, we find that the Criminal Court properly denied the branch of defendant's motion seeking to suppress the knife.
Accordingly, the judgment of conviction is affirmed.
Solomon, J.P., Weston and Elliot, JJ., concur.
Decision Date: April 07, 2016