◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VINCENT SYMBATO, Appellant.—Appeal by defendant from a judgment of the County Court, Nassau County, rendered July 6, 1978, convicting him of burglary in the third degree, grand larceny in the third degree, petit larceny, and criminal possession of stolen property in the second and third degrees, upon a jury verdict, and imposing sentence. Judgment reversed, on the law, and as a matter of discretion in the interest of justice, and new trial ordered. Although it was adduced at defendant's trial that he was unemployed and in possession of more than $700 in cash when he was arrested shortly after the commission of the instant crimes, it was not claimed by the People that any of the money constituted the proceeds of the crimes charged. In fact, the prosecutor admitted during his summation that there was no credible evidence adduced at trial to show that this was the case and, indeed, that this was not the People's position. Nevertheless, during his summation the prosecutor rhetorically asked the jury where an unemployed person would

---

get more than $700. The statement was objected to by defense counsel. While the trial court stated that the objection was well taken, the court simply admonished the jurors that it was their recollection of the facts that was controlling. Since the fact of the defendant's possession of the money was entirely irrelevant to the establishment of the People's case against him, it served only to prejudice defendant and was therefore improperly admitted into evidence (see *People v Jones,* 62 AD2d 356). The evidentiary error was compounded by the prosecutor's comments during summation. Since we do not think that the trial court's admonition to the jurors was effective to ameliorate the harm, reversal and a new trial are mandated. Lazer, J. P., Gulotta, Cohalan and Gibbons, JJ., concur.