■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEPHEN DAVID, Appellant.—Judgment, Supreme Court, New York County (Herman Cahn, J.), rendered January 6, 1987, convicting defendant, after a jury trial, of one count each of criminal possession of a weapon in the second and third degrees and sentencing him to concurrent indeterminate terms of 4 to 12 years' and 2 to 6 years' imprisonment, respectively, unanimously affirmed.

Two police officers were on routine patrol in the area of Broadway and 163rd Street in Manhattan when they were approached by an unidentified individual. After a conversation with the man, the officers alighted from their marked patrol car and began walking down the street toward a group of six to eight men. Moments later, members of the group began firing in the direction of the officers. The group dispersed as the officers ducked behind parked cars and returned fire. The officers, who identified defendant as a member of the group, then radioed for backup and chased the group. During the chase, one of the backup officers observed the defendant running with a gun in his hand and then discarding it. Shortly thereafter, the defendant was apprehended and the gun was recovered from a doorway along the chase route by the officer who had observed defendant toss it away.

The admission of testimony and exhibits concerning a member of the group who was indicted with defendant, but tried

separately, was unobjected to and thus was not preserved for appellate review *(see, People v West,* 56 NY2d 662). In fact, it was utilized by defense counsel to challenge the officers' identification of defendant as one of the perpetrators. Similarly, defense counsel did not specifically object to the portion of the trial court's charge concerning flight, thus failing to preserve that issue for appellate review as a matter of law. (CPL 470.05.) In any event, the charge was warranted by the evidence and was proper. *(See, People v Baker,* 26 NY2d 169, 174.) The trial court's supplemental charges to the jurors on both occasions when they announced that they were deadlocked were proper. Both charges were neutral, directed to the jurors in general, noncoercive and did not direct the jury to consider any particular view of the facts. *(People v Pagan,* 45 NY2d 725, 727.) Concur—Kupferman, J. P., Carro, Asch, Kassal and Rosenberger, JJ.