THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANGEL DEJESUS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Fisher, J.), rendered June 1, 1989, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

On June 3, 1988, at the 83rd Precinct station house in Brooklyn, Sergeant Robert Prestinari and Police Officer Michael Crosby were informed by the complainant that he had been robbed at knifepoint by two men approximately 40 minutes earlier after they had exited his cab. The complainant also informed the officers that he had seen the robbers run into a building at 316 Jefferson Street and that he could identify the assailants. According to Officer Prestinari, the complainant described one of the robbers as a "male Hispanic, approximately 30 years old, 5' 7", with brown hair and [a] Spanish accent" and the other as "a male Hispanic, approxi-

mately 30 years of age, 5' 7", brown hair, medium length, mustache, Spanish accent, brown leather jacket and blue pants."

After canvassing the crime area with the complainant, the officers investigated the premises at 316 Jefferson Street, the building to which the robbers had fled after the crime had been committed. Sergeant Prestinari, Officer Crosby, and two other officers entered the apartment building and Officer Crosby knocked on several doors, receiving no answer. Officer Crosby then knocked on the door to apartment 3R, an apartment which had a reputation as a "shooting gallery" for narcotics users. When an unidentified female opened the door, Sergeant Prestinari, who had his gun drawn but pointed down towards the floor, noticed approximately eight Hispanic men in the apartment whose appearance was similar to the descriptions provided by the complainant. Sergeant Prestinari then holstered his weapon, stationed himself at the doorway, and instructed the occupants of the apartment to remain still. Prestinari instructed one of his fellow officers to bring the complainant up to the apartment in order to make an identification. An officer immediately went down to the car and returned in approximately one minute with the complainant, who identified the defendant and the codefendant, Manuel Echevarria, as the robbers.

The hearing court denied the defendant's motion to suppress, concluding, *inter alia,* that the minimal intrusion which occurred was reasonable in light of the information the police had at the time. We agree.

It is well settled that in assessing the propriety of police conduct, the court must consider whether the conduct in question was justified in its inception and reasonably related in scope and intensity to the circumstances which rendered its initiation permissible *(see, People v Hollman,* 79 NY2d 181; *People v Torres,* 74 NY2d 224, 230; *People v Hicks,* 68 NY2d 234; *People v De Bour,* 40 NY2d 210, 215). Here, the evidence indicates that the police possessed the requisite predicate of suspicion to justify the very limited, temporary detention which occurred prior to the complainant's identification. The complainant provided the officers with a physical description of the defendant and his accomplice and further informed the officers that the two men had fled into a nearby apartment building. When the officers proceeded to that location and knocked on the door to apartment 3R, the door was voluntarily opened and Sergeant Prestinari, who observed several Hispanic men fitting the complainant's description, instructed

the people in the apartment to remain still. Without entering the interior of the apartment, Prestinari then summoned the complainant, who arrived immediately and made the identification.

The information possessed by Sergeant Prestinari was sufficient to justify the brief, minimally-intrusive detention until the complainant could arrive and either confirm or dispel his suspicion that the perpetrators of the robbery were in the apartment (see, People v Hicks, supra; People v Cumberbatch, 171 AD2d 671, 672; People v Hinds, 166 AD2d 542). Since any seizure which took place was minimal and reasonably related in scope to the information which the police possessed at the time (People v De Bour, supra), the hearing court properly concluded that the police had acted lawfully under the circumstances presented.

We have reviewed the defendant's remaining contentions and find them to be without merit (see, People v Wesley, 73 NY2d 351; People v Cruz, 149 AD2d 151; see also, People v Contes, 60 NY2d 620; People v David, 155 AD2d 322). Mangano, P. J., Thompson, Lawrence and Santucci, JJ., concur.