■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYMOND BROWN, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Groh, J.), rendered December 8, 1989, convicting him of criminal sale of a controlled substance in the third degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that he was deprived of his right to a public trial *(see, People v Jones,* 47 NY2d 409, *cert denied* 444 US 946) when the Trial Judge *sua sponte* closed the courtroom for the testimony of the undercover police officer without having conducted a hearing or inquiry with respect to the necessity of the closure is unpreserved for appellate review. It has long been held that a defendant may waive his right to a public trial when an objection is not taken to a courtroom closure within a reasonable time thereafter *(see, People v Baez,* 162 AD2d 602, 603; *People v Scott,* 134 AD2d 379; *see also, People v Miller,* 257 NY 54).

The defendant's remaining contention with respect to the admission of evidence concerning uncharged crimes is similarly not preserved for appellate review (CPL 470.05 [2]). In any event, any possible error committed by the trial court regarding the admission of this evidence was harmless in light of the overwhelming evidence of the defendant's guilt *(see, People v Crimmins,* 36 NY2d 230, 242). Thompson, J. P., Balletta, Eiber and Ritter, JJ., concur.