■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JESUS PORTILLA, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Harbater, J.), rendered November 9, 1990, convicting him of criminal sale of a controlled substance in the third degree and criminal facilitation in the fourth degree, upon a jury verdict, and imposing a sentence of an indeterminate term of 8⅓ to 25 years imprisonment, to run concurrently to a definite term of one year.

Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by reducing the indeterminate term of 8⅓ to 25 years imprisonment to an indetermi-

nate term of 1½ to 4½ years imprisonment; as so modified, the judgment is affirmed.

The evidence establishes that the defendant participated in the sale of one tinfoil packet of cocaine in exchange for $30. The prosecution also adduced evidence that, at the time of his arrest, the defendant was in possession of $780.

According to the presentence report, the defendant had no prior convictions. He was employed as an asbestos remover and had a wife and small child. At the time of the sentencing, the prosecutor recommended that the defendant be sentenced to an indeterminate term of 1½ to 4½ years imprisonment for criminal sale of a controlled substance in the third degree. Rejecting this recommendation, the court imposed an indeterminate term of 8⅓ to 25 years imprisonment for criminal sale of a controlled substance in the third degree to run concurrently to a definite term of one year imprisonment for criminal facilitation in the fourth degree. This appeal followed.

The People now concede that it was error for the Supreme Court to admit proof of the fact that, at the time of his arrest, the defendant possessed $780 (see, People v Morales, 133 AD2d 90; People v Brown, 71 AD2d 918). However, the People also assert, and we agree, that there was no reasonable probability that this error affected the verdict (see, People v Crimmins, 36 NY2d 230).

We also agree with the People that the Supreme Court properly granted a motion to close the courtroom. The trial prosecutor asserted that one of the witnesses for the People was an undercover police officer who, if required to reveal himself during the course of a public proceeding, would be subjected to a risk of injury or death because of the "extremely dangerous work he performs". The defense counsel opposed this application on the ground that, in his view, there was no danger to the officer "in light of the fact that we do not have any bystanders". The defense counsel did not specifically request a closure hearing. Under these circumstances, the Supreme Court properly granted the application and was not required, sua sponte, to order the officer in question to appear for a full hearing (see, People v Pollock, 50 NY2d 547; People v Jones, 47 NY2d 409, cert denied 444 US 946; People v Policano, 139 AD2d 773).

The sentence imposed by the Supreme Court was excessive to the extent that it exceeded the recommendation made by

the prosecutor.

We have examined the defendant's remaining contention and find it to be without merit. Mangano, P. J., Bracken, Sullivan and O'Brien, JJ., concur. [As amended by order entered September 30, 1993.]