■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH GORDON, Appellant. [598 NYS2d 37] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Joy, J.), rendered November 27, 1990, convicting him of robbery in the second degree, robbery in the third degree, criminal possession of stolen property in the fourth degree, and unauthorized use of a motor vehicle in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The hearing testimony established that the information possessed by the police was sufficient to justify the brief, minimally-intrusive detention until the complainant could arrive at the showup and possibly identify the defendant as the perpetrator of the robbery (see, People v Hicks, 68 NY2d 234; People v DeJesus, 185 AD2d 855; People v Cumberbatch, 171 AD2d 672). Furthermore, the showup was made in close temporal and spacial proximity to the scene of the crime and served the societal interest of obtaining a prompt identification (see, People v Duuvon, 77 NY2d 541, 544-545; People v Holmes, 159 AD2d 639).

While the trial court improperly admitted evidence that the police recovered a large sum of money from the defendant upon his arrest for a single robbery of approximately $20 (see, People v Portilla, 190 AD2d 827; People v Symbato, 72 AD2d 780), there was no reasonable probability that the error might have contributed to the defendant's conviction (see, People v Crimmins, 36 NY2d 230; People v Portilla, supra).

We have reviewed the defendant's remaining contentions and find that they are without merit or do not require reversal. Bracken, J. P., Rosenblatt, Miller and Pizzuto, JJ., concur.