■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ROBERT SEIDEN, Respondent. [605 NYS2d 330] —Appeal by the People, as limited by their brief, from so much of an order of the County Court, Nassau County (Jonas, J.), entered October 28, 1992, as, upon reargument, adhered to its original determination contained in a prior order entered May 7, 1992, which, *inter alia,* granted that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials.

Ordered that the order entered October 28, 1992, is reversed insofar as appealed from, on the law; so much of the order entered May 7, 1992, as granted that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials is vacated; that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials is denied; and the matter is remitted to the County Court, Nassau County, for further proceedings consistent herewith.

On October 24, 1990, at approximately 1:00 P.M., Police Officer Paul Maxwell went to 213 Rushmore Avenue, in Carle Place, where he was informed by the complainant that her home had just been burglarized. The complainant stated that she observed a man climbing out of her window. She described him as Hispanic or white, approximately five feet seven inches to five feet eight inches tall, with dark hair, and wearing denim pants and a denim jacket. The complainant also informed Maxwell that, after she had observed the man climb from her window, she had run to her next-door neighbor's house to call the police. As she did, she noticed an individual, whom she believed to be the burglar, carrying a bag and walking down Mineola Avenue toward the nearby Carle Place railroad station.

Police Officer Daniel Rocchi immediately went to the railroad station. A train was just departing when he arrived. As the crowd of passengers dispersed, Rocchi observed an individual who fit the description provided by the complainant standing on the platform. Rocchi noticed that this person, the

defendant Robert Seiden, was carrying what appeared to be a bag. Rocchi left momentarily to secure his patrol car. Upon returning, he saw the defendant standing next to the platform railing with his arms extended over it.

Officer Rocchi approached the defendant. After explaining that he was investigating a crime, Rocchi asked him for identification. In response, the defendant produced a New York State driver's license indicating a Suffolk County address east of the Carle Place train station. Notably, although the defendant informed Officer Rocchi that he was going home, the defendant was standing on the westbound platform. When Officer Rocchi asked the defendant what had happened to the bag he had been carrying, the defendant denied that he had been holding a bag.

At approximately 1:13 P.M., after Rocchi had radioed for assistance, Officer Maxwell brought the complainant to the railroad station. She positively identified the defendant as the man she had seen walking down Mineola Avenue, but she was not certain if he was also the man who had climbed out of her window. Maxwell immediately made a visual inspection of the area where the defendant was seen extending his arms over the platform railing. There he retrieved a black bag containing jewelry, some of which the complainant identified as belonging to her. The defendant was then arrested and handcuffed. Subsequently, he made incriminating statements admitting his commission of the crime in question.

The County Court found that, while the officers possessed reasonable suspicion to stop and detain the defendant at the train station, the defendant should have been released when the complainant could not positively identify him as the person whom she had seen climbing out of her window. According to the court, the continued detention of the defendant while the police retrieved the bag escalated into a custodial arrest upon less than probable cause, thereby requiring suppression of the defendant's statement as the "fruit of [a] poisonous tree." We disagree.

It is well settled that in assessing the propriety of police conduct, the court must consider whether the conduct in question was justified in its inception and reasonably related in scope and intensity to the circumstances which rendered its initiation permissible (see, People v Hollman, 79 NY2d 181, 185-186; People v Torres, 74 NY2d 224, 230; People v Hicks, 68 NY2d 234; People v De Bour, 40 NY2d 210, 215). Here, the evidence indicates that the police possessed the requisite

predicate of suspicion to justify the limited, temporary detention which occurred prior to discovery of the fruits of the crime. The defendant fit the description provided by the complainant and was found in the vicinity where the perpetrator was last headed. He responded untruthfully when he denied possessing the bag which Officer Rocchi had seen him holding only minutes before (see, People v Hollman, supra, at 193; People v Gibson, 194 AD2d 623; People v McCowen, 159 AD2d 210). Additionally, while the defendant informed Officer Rocchi that he was going home, and his driver's license indicated that he lived in Suffolk County, which is east of Carle Place, the defendant had positioned himself on the westbound train platform (People v Gibson, supra).

This information was sufficient to justify a minimally intrusive detention until the complainant, who was nearby, could be brought to the scene (see, People v Hicks, supra; People v Gordon, 193 AD2d 694; People v DeJesus, 185 AD2d 855). Although the complainant did not positively identify the defendant as the person who had climbed out of her window, she did unequivocally identify him as the individual whom she had seen carrying a bag and walking down Mineola Avenue towards the train station immediately after the burglary had been committed.

Considering the foregoing, the police were justified in momentarily extending the defendant's detention while Officer Maxwell retrieved the bag and displayed its contents to the complainant in order to expeditiously resolve his suspicion that the defendant was the perpetrator of the burglary (cf., People v Hicks, supra, at 241). Once the bag was recovered, and the complainant identified some of the items inside of it as belonging to her, the police possessed probable cause to arrest the defendant (see, People v Hollman, 79 NY2d 181, supra; People v Smith, 190 AD2d 832).

In light of the foregoing, the police conduct was justified in its inception and reasonably related in scope to the information which the police possessed as the transaction progressed. Thompson, J. P., Bracken, Balletta and Joy, JJ., concur.