■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDRE ROWE, Appellant. [654 NYS2d 787] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Dunlop, J.), rendered February 16, 1995, convicting him of burglary in the second degree, possession of burglar's tools, and menacing in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial,

after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification evidence.

Ordered that the judgment is affirmed.

The hearing testimony established that the information possessed by the police was sufficient to justify the brief, minimally-intrusive detention of the defendant until the complainant could arrive at the showup and possibly identify the defendant as the perpetrator of the burglary (*see, People v Hicks,* 68 NY2d 234; *People v Gordon,* 193 AD2d 694). Furthermore, the showup was made in close temporal and spatial proximity to the scene of the crime and served the societal interest of obtaining a prompt identification (*see, People v Gordon, supra; People v Duuvon,* 77 NY2d 541). The complainant's "unequivocal on-the-scene identification of the defendant" as the man who entered his apartment "gave the officer probable cause to arrest him" (*People v Williams,* 150 AD2d 410).

The court did not err in limiting the defendant's cross-examination of the arresting officer concerning a check the defendant possessed at the time of his arrest. It "is well settled that in a criminal case a party may prove through cross-examination any relevant proposition, regardless of the scope of direct examination" (*People v Kennedy,* 70 AD2d 181, 186). The test for determining whether the court's restriction was error requires consideration of whether the court's ruling prevented an effective cross-examination. All determinations rest on an analysis of counsel's goal in pursuing a given line of questions, as well as the probative value of the questions themselves (*see, People v Ashner,* 190 AD2d 238, 246-247). Because the issue of whether the defendant may have possessed a check for a substantial amount of money when he was arrested was not probative of any relevant issue in the case, and did not serve to establish that the defendant was misidentified, the court did not err in limiting cross-examination of the arresting officer.

The defendant's remaining contentions are without merit. Bracken, J. P., Santucci, Altman and McGinity, JJ., concur.