■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY EVANS, Appellant. [655 NYS2d 76] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Beldock, J.), rendered August 7, 1995, convicting him of robbery in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The hearing testimony established that the police had reasonable suspicion to detain the defendant. Police officers discovered the defendant hiding in the closet of an abandoned apartment with two accomplices immediately after a fourth

man, identified by the victim as one of the robbers, was caught climbing through the window of an adjoining apartment. We agree with the hearing court that these facts justified the brief detention of the defendant in order to conduct a showup identification by the victim at the crime scene (*see, People v Troche*, 185 AD2d 368; *People v Gordon*, 193 AD2d 694; *People v DeJesus*, 185 AD2d 855). Contrary to the defendant's contention, the use of handcuffs in transporting him to the patrol car where the victim was waiting did not transform the detention into a full-blown arrest requiring probable cause (*see, People v Allen*, 73 NY2d 378; *People v Carney*, 212 AD2d 721). Probable cause to arrest the defendant was established after the victim unequivocally identified him as one of the perpetrators (*see, People v Gonzalez*, 138 AD2d 622; *People v Crespo*, 70 AD2d 661).

Equally without merit is the defendant's contention that the jury verdict was against the weight of the evidence due to inconsistencies in the victim's testimony. The resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (*see, People v Gaimari*, 176 NY 84, 94). The jury's determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see, People v Garafolo*, 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (*see*, CPL 470.15 [5]).

The defendant's sentence was not excessive (*see, People v Suitte*, 90 AD2d 80). Thompson, J. P., Sullivan, Pizzuto and Santucci, JJ., concur.