■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES BROCKINGTON, Appellant. [665 NYS2d 522] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Kohm, J.), rendered February 6, 1995, convicting him of attempted criminal sale of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

We have reviewed the record and agree with the defendant's assigned counsel that there are no nonfrivolous issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted (*see, Anders v California,* 386 US 738; *People v Paige,* 54 AD2d 631; *cf., People v Gonzalez,* 47 NY2d 606).

The defendant has not raised any nonfrivolous issues in his supplemental *pro se* brief. Miller, J. P., Ritter, Sullivan, Santucci and McGinity, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT BROWN, Appellant. [663 NYS2d 257] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (McKay, J.), rendered January 5, 1996, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that he was denied his right to a public trial is without merit. Following a *Hinton* hearing, the court concluded that the People met their burden of establishing that open-court testimony by the undercover officer would jeopardize his safety (*see, People v Ayala,* 90 NY2d 490; *People v Martinez,* 82 NY2d 436; *Waller v Georgia,* 467 US 39). However, we need not reach the defendant's contention that such evidence was insufficient to justify closure of the courtroom, as the court offered an alternative to closure which was accepted by defense counsel as a fair compromise.

The undercover officer was the first witness scheduled to testify following a luncheon recess. The courtroom door was locked after the jury entered the room, and the court stationed a court officer outside the door with instructions to inform the court if any members of the public sought to enter while the undercover officer was testifying. The court previously ascertained that no relatives of the defendant were attending the trial. At the conclusion of the officer's testimony, the court stated that the only persons who sought to enter the courtroom were attorneys, and they had been permitted to do so. Accordingly, the defendant was not deprived of his right to a public trial. Miller, J. P., O'Brien, Santucci and Altman, JJ., concur.