■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANCISCO TORRES, Appellant. [684 NYS2d 562] —Appeal by the defendant from a judgment of the Supreme Court, Kings

County (Schneier, J.), rendered November 7, 1996, convicting him of criminal sale of a controlled substance in or near school grounds, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that he was denied his right to a public trial is unpreserved for appellate review (*see, People v Martinez,* 82 NY2d 436; *People v Richards,* 235 AD2d 557; *People v Udzinski,* 146 AD2d 245; *People v Jones,* 81 AD2d 22). In any event, the defendant's contention is without merit. Before the undercover officers testified, the prosecutor requested that individuals other than the defendant's family be monitored before being allowed into the courtroom in order to ascertain that they did not live in the neighborhood where the officers worked. The defendant made a general objection. The court granted the prosecutor's request and stationed a court officer outside the door with instructions to inform the court if any members of the public sought to enter while the undercover officers were testifying. No one attempted to enter the courtroom during the undercover officers' testimony. Because the court offered an alternative to closure which was not objected to by the defendant, the defendant was not deprived of his right to a public trial (*see, People v Pollock,* 50 NY2d 547; *People v Brown,* 243 AD2d 641; *People v Portilla,* 190 AD2d 827; *People v Brown,* 188 AD2d 540).

The defendant's sentence was not excessive (*see, People v Suitte,* 90 AD2d 80). Bracken, J. P., O'Brien, Sullivan and Goldstein, JJ., concur.