■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GREGORY MCCLOUD, Appellant. [692 NYS2d 470] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (LaTorella, J.), rendered February 22, 1996, convicting him of burglary in the second degree, criminal mischief in the fourth degree, possession of burglar's tools, and petit larceny, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Cohen, J.), of those branches of the defendant's omnibus motion which were to suppress physical evidence and statements made by the defendant to law enforcement officials.

Ordered that the judgment is affirmed.

The evidence adduced at the suppression hearing indicates that on July 18, 1995, at approximately 3:00 A.M., Police Officer Michael Geis and his partner responded to a report of a suspicious man wearing a white baseball cap, a white shirt, and light-colored slacks in the backyard of 54-07 69th Lane. Upon arriving at the location, which was in an area where many burglaries had recently occurred, Officer Geis saw the defendant, who was wearing clothing which matched the description provided, exiting from the back door of the house. Upon noticing the police officers, the defendant attempted to avoid them by walking through the backyards of a number of houses and discarding, among other things, the baseball cap. When the defendant tried to exit through a neighboring driveway, other police officers who had responded to a telephone call to the emergency operator detained him for several seconds until Officer Geis arrived and arrested him.

Contrary to the defendant's contention, the officers had reasonable suspicion to momentarily detain him since he matched the description in the radio report and was in a high burglary area at 3:00 A.M. (*see, People v Hicks,* 68 NY2d 234; *People v Ellison,* 222 AD2d 693; *People v Seiden,* 199 AD2d 437). Thereafter, Officer Geis had probable cause to arrest the defendant

based upon his observation of the defendant leaving the residence, discarding clothes he was wearing, and attempting to avoid the police (*see, People v Torres,* 236 AD2d 431; *People v Seiden, supra*).

The defendant's remaining contention is without merit. Santucci, J. P., Joy, Feuerstein and Schmidt, JJ., concur.