■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DWAYNE WILLIAMS, Appellant. [708 NYS2d 876] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Marrero, J.), rendered February 5, 1998, convicting him of burglary in the first degree, burglary in the second degree (two counts), robbery in the second degree (two counts), attempted robbery in the second degree, assault in the second degree, and criminal possession of stolen property in the fifth degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress identification testimony, physical evidence, and statements made by him to law enforcement officials.

Ordered that the judgment is affirmed.

Those branches of the defendant's omnibus motion which were to suppress identification testimony, physical evidence, and his statements to the police as the fruits of an unlawful detention were properly denied. The hearing testimony established that the police had reasonable suspicion to detain the defendant to conduct a showup identification at the crime scene (see, People v Diaz, 81 NY2d 106, 109; People v Hicks, 68 NY2d 234; People v Gordon, 193 AD2d 694). After both victims identified the defendant as the perpetrator of the robbery, the police had probable cause to arrest him and conduct a search

incident thereto (*see, People v Evans,* 237 AD2d 458; *People v Gonzalez,* 138 AD2d 622).

The defendant's contention that the evidence was legally insufficient to support his .conviction is unpreserved for appellate review (*see,* CPL 470.05 [2]; *People v Gray,* 86 NY2d 10, 20). In any event, viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (*see,* CPL 470.15 [5]).

The imposition of consecutive sentences for the defendant's convictions of robbery in the second degree was not improper (*see, People v Yong Yun Lee,* 92 NY2d 987, 989; *People v Niles,* 258 AD2d 478, 479).

The defendant's remaining contentions are without merit. Joy, J. P., Florio, H. Miller and Smith, JJ., concur.